# EXHIBIT 1

# Copyright Act, 1911.

## [1 & 2 Geo. 5.   Ch. **46**.]



ARRANGEMENT OF SECTIONS.

A.D. 1911.

### Part I.

#### Imperial Copyright.

##### *Rights.*

Section.

1. Copyright.
2. Infringement of copyright.
3. Term of copyright.
4. Compulsory licences.
5. Ownership of copyright, &c.

*Civil Remedies.*

6. Civil remedies for infringement of copyright.
7. Rights of owner against persons possessing or dealing with infringing copies, &c.
8. Exemption of innocent infringer from liability to pay damages, &c.
9. Restriction on remedies in the case of architecture.
10. Limitation of actions.

*Summary Remedies.*

11. Penalties for dealing with infringing copies, &c.
12. Appeals to quarter sessions.
13. Extent of provisions as to summary remedies.

*Importation of Copies.*

14. Importation of copies.

*Delivery of Books to Libraries.*

15. Delivery of copies to British Museum and other libraries.

*Special Provisions as to certain Works.*

16. Works of joint authors.
17. Posthumous works.
18. Provisions as to Government publications.
19. Provisions as to mechanical instruments.
20. Provision as to political speeches.

A

1.

[Сн. **46**.]          *Copyright Act*, 1911.          [1 & 2 Geo. 5.]

A.D. 1911.  Section.
———
21.  Provisions as to photographs.
22.  Provisions as to designs registrable under 7 Edw. 7. c. 29.
23.  Works of foreign authors first published in parts of His Majesty's dominions to which Act extends.
24.  Existing works.

### *Application to British Possessions.*

25.  Application of Act to British Dominions.
26.  Legislative powers of self-governing Dominions.
27.  Power of Legislatures of British possessions to pass supplemental legislation.
28.  Application to protectorates.

## PART II.

### INTERNATIONAL COPYRIGHT.

29.  Power to extend Act to foreign works.
30.  Application of Part II. to British possessions.

## PART III.

### SUPPLEMENTAL PROVISIONS.

31.  Abrogation of common law rights.
32.  Provisions as to Orders in Council.
33.  Saving of university copyright.
34.  Saving of compensation to certain libraries.
35.  Interpretation.
36.  Repeal.
37.  Short title and commencement.
      SCHEDULES.

———

2

[1 & 2 Geo. 5.]        *Copyright Act*, 1911.        [Ch. **46.**]



# CHAPTER 46.

An Act to amend and consolidate the Law relating to
Copyright.                    [16th December 1911.]

A.D. 1911.
——

**B**E it enacted by the King's most Excellent Majesty, by and
with the advice and consent of the Lords Spiritual and
Temporal, and Commons, in this present Parliament assembled,
and by the authority of the same, as follows :—

### Part I.

#### Imperial Copyright.

##### *Rights.*

**1.**—(1) Subject to the provisions of this Act, copyright shall
subsist throughout the parts of His Majesty's dominions to which
this Act extends for the term hereinafter mentioned in every
original literary dramatic musical and artistic work, if—

(*a*) in the case of a published work, the work was first
published within such parts of His Majesty's dominions
as aforesaid ; and

(*b*) in the case of an unpublished work, the author was at
the date of the making of the work a British subject
or resident within such parts of His Majesty's dominions
as aforesaid ;

but in no other works, except so far as the protection conferred
by this Act is extended by Orders in Council thereunder relating
to self-governing dominions to which this Act does not extend
and to foreign countries.

(2) For the purposes of this Act, " copyright " means the
sole right to produce or reproduce the work or any substantial
part thereof in any material form whatsoever, to perform, or
in the case of a lecture to deliver, the work or any substantial
part thereof in public ; if the work is unpublished, to publish
the work or any substantial part thereof ; and shall include the
sole right,—

(*a*) to produce, reproduce, perform, or publish any trans-
lation of the work ;

*Copyright.*

A 2                    3

[CH. **46**.]        *Copyright Act*, 1911.        [1 & 2 GEO. 5.]

A.D. 1911.

(*b*) in the case of a dramatic work, to convert it into a novel or other non-dramatic work ;

(*c*) in the case of a novel or other non-dramatic work, or of an artistic work, to convert it into a dramatic work, by way of performance in public or otherwise ;

(*d*) in the case of a literary, dramatic, or musical work, to make any record, perforated roll, cinematograph film, or other contrivance by means of which the work may be mechanically performed or delivered,

and to authorise any such acts as aforesaid.

(3) For the purposes of this Act, publication, in relation to any work, means the issue of copies of the work to the public, and does not include the performance in public of a dramatic or musical work, the delivery in public of a lecture, the exhibition in public of an artistic work, or the construction of an architectural work of art, but, for the purposes of this provision, the issue of photographs and engravings of works of sculpture and architectural works of art shall not be deemed to be publication of such works.

Infringement of copyright.

**2.**—(1) Copyright in a work shall be deemed to be infringed by any person who, without the consent of the owner of the copyright, does anything the sole right to do which is by this Act conferred on the owner of the copyright : Provided that the following acts shall not constitute an infringement of copyright :—

(i) Any fair dealing with any work for the purposes of private study, research, criticism. review, or newspaper summary :

(ii) Where the author of an artistic work is not the owner of the copyright therein, the use by the author of any mould, cast, sketch, plan, model, or study made by him for the purpose of the work, provided that he does not thereby repeat or imitate the main design of that work :

(iii) The making or publishing of paintings, drawings, engravings, or photographs of a work of sculpture or artistic craftsmanship, if permanently situate in a public place or building, or the making or publishing of paintings, drawings, engravings, or photographs (which are not in the nature of architectural drawings or plans) of any architectural work of art :

(iv) The publication in a collection, mainly composed of non-copyright matter, bonâ fide intended for the use of schools, and so described in the title and in any advertisements issued by the publisher, of short passages from published literary works not themselves published for the use of schools in which copyright subsists : Provided that not more than two of such passages from works by the same author are

**4**

published by the same publisher within five years, A.D. 1911.
and that the source from which such passages are
taken is acknowledged :

(v) The publication in a newspaper of a report of a lecture
delivered in public, unless the report is prohibited by
conspicuous written or printed notice affixed before
and maintained during the lecture at or about the
main entrance of the building in which the lecture is
given, and, except whilst the building is being used
for public worship, in a position near the lecturer ;
but nothing in this paragraph shall affect the pro-
visions in paragraph (i) as to newspaper summaries :

(vi) The reading or recitation in public by one person of
any reasonable extract from any published work.

(2) Copyright in a work shall also be deemed to be infringed
by any person who—

(a) sells or lets for hire, or by way of trade exposes or offers
for sale or hire ; or

(b) distributes either for the purposes of trade or to such
an extent as to affect prejudicially the owner of the
copyright ; or

(c) by way of trade exhibits in public ; or

(d) imports for sale or hire into any part of His Majesty's
dominions to which this Act extends,

any work which to his knowledge infringes copyright or would
infringe copyright if it had been made within the part of
His Majesty's dominions in or into which the sale or hiring,
exposure, offering for sale or hire, distribution, exhibition, or
importation took place.

(3) Copyright in a work shall also be deemed to be infringed
by any person who for his private profit permits a theatre or other
place of entertainment to be used for the performance in public
of the work without the consent of the owner of the copyright,
unless he was not aware, and had no reasonable ground for
suspecting, that the performance would be an infringement of
copyright.

**3.** The term for which copyright shall subsist shall, except Term of copy-
as otherwise expressly provided by this Act, be the life of the right.
author and a period of fifty years after his death :

Provided that at any time after the expiration of twenty-
five years, or in the case of a work in which copyright subsists
at the passing of this Act thirty years, from the death of the
author of a published work, copyright in the work shall not be
deemed to be infringed by the reproduction of the work for sale
if the person reproducing the work proves that he has given
the prescribed notice in writing of his intention to reproduce
the work, and that he has paid in the prescribed manner to, or
for the benefit of, the owner of the copyright royalties in respect
of all copies of the work sold by him calculated at the rate of
ten per cent. on the price at which he publishes the work ; and,

[CH. **46**.]          *Copyright Act*, 1911.          [1 & 2 GEO. 5.]

A.D. 1911.   for the purposes of this proviso, the Board of Trade may make
———          regulations prescribing the mode in which notices are to be given,
             and the particulars to be given in such notices, and the mode,
             time, and frequency of the payment of royalties, including (if
             they think fit) regulations requiring payment in advance or
             otherwise securing the payment of royalties.

Compulsory      **4.** If at any time after the death of the author of a literary,
licences.    dramatic, or musical work which has been published or per-
             formed in public a complaint is made to the Judicial Committee
             of the Privy Council that the owner of the copyright in the
             work has refused to republish or to allow the republication of
             the work or has refused to allow the performance in public of
             the work, and that by reason of such refusal the work is with-
             held from the public, the owner of the copyright may be
             ordered to grant a licence to reproduce the work or perform the
             work in public, as the case may be, on such terms and subject
             to such conditions as the Judicial Committee may think fit.

Ownership of    **5.**—(1) Subject to the provisions of this Act, the author of a
copyright, &c.  work shall be the first owner of the copyright therein :
             Provided that—
             (*a*) where, in the case of an engraving, photograph, or
                  portrait, the plate or other original was ordered by
                  some other person and was made for valuable con-
                  sideration in pursuance of that order, then, in the
                  absence of any agreement to the contrary, the person
                  by whom such plate or other original was ordered
                  shall be the first owner of the copyright ; and
             (*b*) where the author was in the employment of some other
                  person under a contract of service or apprenticeship
                  and the work was made in the course of his employ-
                  ment by that person, the person by whom the author
                  was employed shall, in the absence of any agreement
                  to the contrary, be the first owner of the copyright,
                  but where the work is an article or other contribution
                  to a newspaper, magazine, or similar periodical, there
                  shall, in the absence of any agreement to the contrary,
                  be deemed to be reserved to the author a right to
                  restrain the publication of the work, otherwise than
                  as part of a newspaper, magazine, or similar
                  periodical.
             (2) The owner of the copyright in any work may assign the
             right, either wholly or partially, and either generally or subject
             to limitations to the United Kingdom or any self-governing
             dominion or other part of His Majesty's dominions to which this
             Act extends, and either for the whole term of the copyright or
             for any part thereof, and may grant any interest in the right by
             licence, but no such assignment or grant shall be valid unless it
             is in writing signed by the owner of the right in respect of
             which the assignment or grant is made, or by his duly authorised
             agent :

6

[1 & 2 GEO. 5.]    *Copyright Act,* 1911.    [CH. **46.**]

A.D. 1911.

Provided that, where the author of a work is the first owner of the copyright therein, no assignment of the copyright, and no grant of any interest therein, made by him (otherwise than by will) after the passing of this Act, shall be operative to vest in the assignee or grantee any rights with respect to the copyright in the work beyond the expiration of twenty-five years from the death of the author, and the reversionary interest in the copyright expectant on the termination of that period shall, on the death of the author, notwithstanding any agreement to the contrary, devolve on his legal personal representatives as part of his estate, and any agreement entered into by him as to the disposition of such reversionary interest shall be null and void, but nothing in this proviso shall be construed as applying to the assignment of the copyright in a collective work or a licence to publish a work or part of a work as part of a collective work.

(3) Where, under any partial assignment of copyright, the assignee becomes entitled to any right comprised in copyright, the assignee as respects the right so assigned, and the assignor as respects the rights not assigned, shall be treated for the purposes of this Act as the owner of the copyright, and the provisions of this Act shall have effect accordingly.

## *Civil Remedies.*

**6.**—(1) Where copyright in any work has been infringed, the owner of the copyright shall, except as otherwise provided by this Act, be entitled to all such remedies by way of injunction or interdict, damages, accounts, and otherwise, as are or may be conferred by law for the infringement of a right.

*Civil remedies for infringement of copyright.*

(2) The costs of all parties in any proceedings in respect of the infringement of copyright shall be in the absolute discretion of the court.

(3) In any action for infringement of copyright in any work, the work shall be presumed to be a work in which copyright subsists and the plaintiff shall be presumed to be the owner of the copyright, unless the defendant puts in issue the existence of the copyright, or, as the case may be, the title of the plaintiff, and where any such question is in issue, then—

(*a*) if a name purporting to be that of the author of the work is printed or otherwise indicated thereon in the usual manner, the person whose name is so printed or indicated shall, unless the contrary is proved, be presumed to be the author of the work;

(*b*) if no name is so printed or indicated, or if the name so printed or indicated is not the author's true name or the name by which he is commonly known, and a name purporting to be that of the publisher or proprietor of the work is printed or otherwise indicated thereon in the usual manner, the person whose name is so printed or indicated shall, unless the contrary is proved, be

7

[CH. **46**.]        *Copyright Act*, 1911.        [1 & 2 GEO. 5.]

A.D. 1911.  .        presumed to be the owner of the copyright in the work for the purposes of proceedings in respect of the infringement of copyright therein.

Rights of owner against persons possessing or dealing with infringing copies, &c.

**7.** All infringing copies of any work in which copyright subsists, or of any substantial part thereof, and all plates used or intended to be used for the production of such infringing copies, shall be deemed to be the property of the owner of the copyright, who accordingly may take proceedings for the recovery of the possession thereof or in respect of the conversion thereof.

Exemption of innocent infringer from liability to pay damages, &c.

**8.** Where proceedings are taken in respect of the infringement of the copyright in any work and the defendant in his defence alleges that he was not aware of the existence of the copyright in the work, the plaintiff shall not be entitled to any remedy other than an injunction or interdict in respect of the infringement if the defendant proves that at the date of the infringement he was not aware and had no reasonable ground for suspecting that copyright subsisted in the work.

Restriction on remedies in the case of architecture.

**9.**—(1) Where the construction of a building or other structure which infringes or which, if completed, would infringe the copyright in some other work has been commenced, the owner of the copyright shall not be entitled to obtain an injunction or interdict to restrain the construction of such building or structure or to order its demolition.

(2) Such of the other provisions of this Act as provide that an infringing copy of a work shall be deemed to be the property of the owner of the copyright, or as impose summary penalties, shall not apply in any case to which this section applies.

Limitation of actions.

**10.** An action in respect of infringement of copyright shall not be commenced after the expiration of three years next after the infringement.

*Summary Remedies.*

Penalties for dealing with infringing copies, &c.

**11.**—(1) If any person knowingly—
(*a*) makes for sale or hire any infringing copy of a work in which copyright subsists ; or
(*b*) sells or lets for hire, or by way of trade exposes or offers for sale or hire any infringing copy of any such work ; or
(*c*) distributes infringing copies of any such work either for the purposes of trade or to such an extent as to affect prejudicially the owner of the copyright ; or
(*d*) by way of trade exhibits in public any infringing copy of any such work ; or
(*e*) imports for sale or hire into the United Kingdom any infringing copy of any such work :
he shall be guilty of an offence under this Act and be liable on summary conviction to a fine not exceeding forty shillings for every copy dealt with in contravention of this section, but not

8

exceeding fifty pounds in respect of the same transaction ; or, in the case of a second or subsequent offence, either to such fine or to imprisonment with or without hard labour .for a term not exceeding two months. <span style="float:right">A.D. 1911.<br>——</span>

(2) If any person knowingly makes or has in his possession any plate for the purpose of making infringing copies of any work in which copyright subsists, or knowingly and for his private profit causes any such work to be performed in public without the consent of the owner of the copyright, he shall be guilty of an offence under this Act, and be liable on summary conviction to a fine not exceeding fifty pounds, or, in the case of a second or subsequent offence, either to such fine or to imprisonment with or without hard labour for a term not exceeding two months.

(3) The court before which any such proceedings are taken may, whether the alleged offender is convicted or not, order that all copies of the work or all plates in the possession of the alleged offender, which appear to it to be infringing copies or plates for the purpose of making infringing copies, be destroyed or delivered up to the owner of the copyright or otherwise dealt with as the court may think fit.

(4) Nothing in this section shall, as respects musical works, affect the provisions of the Musical (Summary Proceedings) Copyright Act, 1902, or the Musical Copyright Act, 1906. <span style="float:right">2 Edw. 7. c. 15.<br>6 Edw. 7. c. 36.</span>

**12.** Any person aggrieved by a summary conviction of an offence under the foregoing provisions of this Act may in England and Ireland appeal to a court of quarter sessions and in Scotland under and in terms of the Summary Jurisdiction (Scotland) Acts. <span style="float:right">Appeals to<br>quarter<br>sessions.</span>

**13.** The provisions of this Act with respect to summary remedies shall extend only to the United Kingdom. <span style="float:right">Extent of pro-<br>visions as to<br>summary<br>remedies.</span>

*Importation of Copies.*

**14.**—(1) Copies made out of the United Kingdom of any work in which copyright subsists which if made in the United Kingdom would infringe copyright, and as to which the owner of the copyright gives notice in writing by himself or his agent to the Commissioners of Customs and Excise, that he is desirous that such copies should not be imported into the United Kingdom, shall not be so imported, and shall, subject to the provisions of this section, be deemed to be included in the table of prohibitions and restrictions contained in section forty-two of the Customs Consolidation Act, 1876, and that section shall apply accordingly. <span style="float:right">Importation of<br>copies.</span> <span style="float:right">39 & 40 Vict.<br>c. 36.</span>

(2) Before detaining any such copies or taking any further proceedings with a view to the forfeiture thereof under the law relating to the Customs, the Commissioners of Customs and Excise may require the regulations under this section, whether as to information, conditions, or other matters, to be complied

A.D. 1911.

with, and may satisfy themselves in accordance with those regulations that the copies are such as are prohibited by this section to be imported.

(3) The Commissioners of Customs and Excise may make regulations, either general or special, respecting the detention and forfeiture of copies the importation of which is prohibited by this section, and the conditions, if any, to be fulfilled before such detention and forfeiture, and may, by such regulations, determine the information, notices, and security to be given, and the evidence requisite for any of the purposes of this section, and the mode of verification of such evidence.

(4) The regulations may apply to copies of all works the importation of copies of which is prohibited by this section, or different regulations may be made respecting different classes of such works.

(5) The regulations may provide for the informant reimbursing the Commissioners of Customs and Excise all expenses and damages incurred in respect of any detention made on his information, and of any proceedings consequent on such detention ; and may provide for notices under any enactment repealed by this Act being treated as notices given under this section.

(6) The foregoing provisions of this section shall have effect as if they were part of the Customs Consolidation Act, 1876 : Provided that, notwithstanding anything in that Act, the Isle of Man shall not be treated as part of the United Kingdom for the purposes of this section.

(7) This section shall, with the necessary modifications, apply to the importation into a British possession to which this Act extends of copies of works made out of that possession.

*Delivery of Books to Libraries.*

Delivery of copies to British Museum and other libraries.

**15.**—(1) The publisher of every book published in the United Kingdom shall, within one month after the publication, deliver, at his own expense, a copy of the book to the trustees of the British Museum, who shall give a written receipt for it.

(2) He shall also, if written demand is made before the expiration of twelve months after publication, deliver within one month after receipt of that written demand or, if the demand was made before publication, within one month after publication, to some depôt in London named in the demand a copy of the book for, or in accordance with the directions of, the authority having the control of each of the following libraries, namely : the Bodleian Library, Oxford, the University Library, Cambridge, the Library of the Faculty of Advocates at Edinburgh, and the Library of Trinity College, Dublin, and subject to the provisions of this section the National Library of Wales. In the case of an encyclopædia, newspaper, review, magazine, or work published in a series of numbers or parts, the written demand may include all numbers or parts of the work which may be subsequently published.

(3) The copy delivered to the trustees of the British Museum A.D. 1911. shall be a copy of the whole book with all maps and illustrations belonging thereto, finished and coloured in the same manner as the best copies of the book are published, and shall be bound, sewed, or stitched together, and on the best paper on which the book is printed.

(4) The copy delivered for the other authorities mentioned in this section shall be on the paper on which the largest number of copies of the book is printed for sale, and shall be in the like condition as the books prepared for sale.

(5) The books of which copies are to be delivered to the National Library of Wales shall not include books of such classes as may be specified in regulations to be made by the Board of Trade.

(6) If a publisher fails to comply with this section, he shall be liable on summary conviction to a fine not exceeding five pounds and the value of the book, and the fine shall be paid to the trustees or authority to whom the book ought to have been delivered.

(7) For the purposes of this section, the expression "book" includes every part or division of a book, pamphlet, sheet of letterpress, sheet of music, map, plan, chart or table separately published, but shall not include any second or subsequent edition of a book unless such edition contains additions or alterations either in the letterpress or in the maps, prints, or other engravings belonging thereto.

*Special Provisions as to certain Works.*

**16.**—(1) In the case of a work of joint authorship, copyright Works of joint shall subsist during the life of the author who first dies and for authors. a term of fifty years after his death, or during the life of the author who dies last, whichever period is the longer, and references in this Act to the period after the expiration of any specified number of years from the death of the author shall be construed as references to the period after the expiration of the like number of years from the death of the author who dies first or after the death of the author who dies last, whichever period may be the shorter, and in the provisions of this Act with respect to the grant of compulsory licences a reference to the date of the death of the author who dies last shall be substituted for the reference to the date of the death of the author.

(2) Where, in the case of a work of joint authorship, some one or more of the joint authors do not satisfy the conditions conferring copyright laid down by this Act, the work shall be treated for the purposes of this Act as if the other author or authors had been the sole author or authors thereof :

Provided that the term of the copyright shall be the same as it would have been if all the authors had satisfied such conditions as aforesaid.

(3) For the purposes of this Act, "a work of joint authorship" means a work produced by the collaboration of two or

11

.

[CH. **46**.]  *Copyright Act,* 1911.  [1 & 2 GEO. 5.]

A.D. 1911.

more authors in which the contribution of one author is not distinct from the contribution of the other author or authors.

(4) Where a married woman and her husband are joint authors of a work the interest of such married woman therein shall be her separate property.

Posthumous works.

**17.**—(1) In the case of a literary dramatic or musical work, or an engraving, in which copyright subsists at the date of the death of the author or, in the case of a work of joint authorship, at or immediately before the date of the death of the author who dies last, but which has not been published, nor, in the case of a dramatic or musical work, been performed in public, nor, in the case of a lecture, been delivered in public, before that date, copyright shall subsist till publication, or performance or delivery in public, whichever may first happen, and for a term of fifty years thereafter, and the proviso to section three of this Act shall, in the case of such a work, apply as if the author had died at the date of such publication or performance or delivery in public as aforesaid.

(2) The ownership of an author's manuscript after his death, where such ownership has been acquired under a testamentary disposition made by the author and the manuscript is of a work which has not been published nor performed in public nor delivered in public, shall be prima facie proof of the copyright being with the owner of the manuscript.

Provisions as to Government publications.

**18.** Without prejudice to any rights or privileges of the Crown, where any work has, whether before or after the commencement of this Act, been prepared or published by or under the direction or control of His Majesty or any Government department, the copyright in the work shall, subject to any agreement with the author, belong to His Majesty, and in such case shall continue for a period of fifty years from the date of the first publication of the work.

Provisions as to mechanical instruments.

**19.**—(1) Copyright shall subsist in records, perforated rolls, and other contrivances by means of which sounds may be mechanically reproduced, in like manner as if such contrivances were musical works, but the term of copyright shall be fifty years from the making of the original plate from which the contrivance was directly or indirectly derived, and the person who was the owner of such original plate at the time when such plate was made shall be deemed to be the author of the work, and, where such owner is a body corporate, the body corporate shall be deemed for the purposes of this Act to reside within the parts of His Majesty's dominions to which this Act extends if it has established a place of business within such parts.

(2) It shall not be deemed to be an infringement of copyright in any musical work for any person to make within the parts of His Majesty's dominions to which this Act extends records, perforated rolls, or other contrivances by means of

12

[1 & 2 GEO. 5.]     *Copyright Act,* 1911.     [CH. **46.**]

A.D. 1911.

which the work may be mechanically performed, if such person proves—

(*a*) that such contrivances have previously been made by, or with the consent or acquiescence of, the owner of the copyright in the work ; and

(*b*) that he has given the prescribed notice of his intention to make the contrivances, and has paid in the prescribed manner to, or for the benefit of, the owner of the copyright in the work royalties in respect of all such contrivances sold by him, calculated at the rate hereinafter mentioned :

Provided that—

(i) nothing in this provision shall authorise any alterations in, or omissions from, the work reproduced, unless contrivances reproducing the work subject to similar alterations and omissions have been previously made by, or with the consent or acquiescence of, the owner of the copyright, or unless such alterations or omissions are reasonably necessary for the adaptation of the work to the contrivances in question ; and

(ii) for the purposes of this provision, a musical work shall be deemed to include any words so closely associated therewith as to form part of the same work, but shall not be deemed to include a contrivance by means of which sounds may be mechanically reproduced.

(3) The rate at which such royalties as aforesaid are to be calculated shall—

(*a*) in the case of contrivances sold within two years after the commencement of this Act by the person making the same, be two and one-half per cent. ; and

(*b*) in the case of contrivances sold as aforesaid after the expiration of that period, five per cent.

on the ordinary retail selling price of the contrivance calculated in the prescribed manner, so however that the royalty payable in respect of a contrivance shall, in no case, be less than a halfpenny for each separate musical work in which copyright subsists reproduced thereon, and, where the royalty calculated as aforesaid includes a fraction of a farthing, such fraction shall be reckoned as a farthing :

Provided that, if, at any time after the expiration of seven years from the commencement of this Act, it appears to the Board of Trade that such rate as aforesaid is no longer equitable, the Board of Trade may, after holding a public inquiry, make an order either decreasing or increasing that rate to such extent as under the circumstances may seem just, but any order so made shall be provisional only and shall not have any effect unless and until confirmed by Parliament ; but, where an order revising the rate has been so made and confirmed, no further revision shall

13

Cн. **46.**]          *Copyright Act*, 1911.          [1 & 2 Gᴇᴏ. 5.]

A.D. 1911.  be made before the expiration of fourteen years from the date of
the last revision.

(4) If any such contrivance is made reproducing two or more
different works in which copyright subsists and the owners of
the copyright therein are different persons, the sums payable by
way of royalties under this section shall be apportioned amongst
the several owners of the copyright in such proportions as,
failing agreement, may be determined by arbitration.

(5) When any such contrivances by means of which a musical
work may be mechanically performed have been made, then, for
the purposes of this section, the owner of the copyright in the
work shall, in relation to any person who makes the prescribed
inquiries, be deemed to have given his consent to the making
of such contrivances if he fails to reply to such inquiries within
the prescribed time.

(6) For the purposes of this section, the Board of Trade
may make regulations prescribing anything which under this
section is to be prescribed, and prescribing the mode in which
notices are to be given and the particulars to be given in such
notices, and the mode, time, and frequency of the payment of
royalties, and any such regulations may, if the Board think fit,
include regulations requiring payment in advance or otherwise
securing the payment of royalties.

(7) In the case of musical works published before the
commencement of this Act, the foregoing provisions shall have
effect, subject to the following modifications and additions :—

(a) The conditions as to the previous making by, or with the
consent or acquiescence of, the owner of the copyright
in the work, and the restrictions as to alterations in or
omissions from the work, shall not apply :

(b) The rate of two and one-half per cent. shall be substituted
for the rate of five per cent. as the rate at which
royalties are to be calculated, but no royalties shall be
payable in respect of contrivances sold before the first
day of July, nineteen hundred and thirteen, if con-
trivances reproducing the same work had been lawfully
made, or placed on sale, within the parts of His
Majesty's dominions to which this Act extends before
the first day of July, nineteen hundred and ten :

(c) Notwithstanding any assignment made before the pass-
ing of this Act of the copyright in a musical work,
any rights conferred by this Act in respect of the
making, or authorising the making, of contrivances by
means of which the work may be mechanically per-
formed shall belong to the author or his legal personal
representatives and not to the assignee, and the royal-
ties aforesaid shall be payable to, and for the benefit
of, the author of the work or his legal personal repre-
sentatives :

(d) The saving contained in this Act of the rights and
interests arising from, or in connexion with, action

14

taken before the commencement of this Act shall not A.D. 1911.
be construed as authorising any person who has made
contrivances by means of which the work may be
mechanically performed to sell any such contrivances,
whether made before or after the passing of this Act,
except on the terms and subject to the conditions laid
down in this section :

(*e*) Where the work is a work on which copyright is con-
ferred by an Order in Council relating to a foreign
country, the copyright so conferred shall not, except to
such extent as may be provided by the Order, include
any rights with respect to the making of records, per-
forated rolls, or other contrivances by means of which
the work may be mechanically performed.

(8) Notwithstanding anything in this Act, where a record,
perforated roll, or other contrivance by means of which sounds
may be mechanically reproduced has been made before the com-
mencement of this Act, copyright shall, as from the commence-
ment of this Act, subsist therein in like manner and for the like
term as if this Act had been in force at the date of the making
of the original plate from which the contrivance was directly or
indirectly derived.

Provided that—

(i) the person who, at the commencement of this Act, is
the owner of such original plate shall be the first
owner of such copyright ; and

(ii) nothing in this provision shall be construed as con-
ferring copyright in any such contrivance if the
making thereof would have infringed copyright in
some other such contrivance, if this provision had
been in force at the time of the making of the
first-mentioned contrivance.

**20.** Notwithstanding anything in this Act, it shall not be Provision as to political speeches.
an infringement of copyright in an address of a political nature
delivered at a public meeting to publish a report thereof in a
newspaper.

**21.** The term for which copyright shall subsist in photo- Provisions as to photographs.
graphs shall be fifty years from the making of the original
negative from which the photograph was directly or indirectly
derived, and the person who was owner of such negative at the
time when such negative was made shall be deemed to be the
author of the work, and, where such owner is a body corporate,
the body corporate shall be deemed for the purposes of this Act
to reside within the parts of His Majesty's dominions to which
this Act extends if it has established a place of business within
such parts.

**22.**—(1) This Act shall not apply to designs capable of Provisions as to designs registrable under 7 Edw. 7. c. 29.
being registered under the Patents and Designs Act, 1907, except
designs which, though capable of being so registered, are not

[CH. **46**.]        *Copyright Act*, 1911.        [1 & 2 GEO. 5.]

A.D. 1911.
———

used or intended to be used as models or patterns to be multiplied by any industrial process.

(2) General rules under section eighty-six of the Patents and Designs Act, 1907, may be made for determining the conditions under which a design shall be deemed to be used for such purposes as aforesaid.

Works of foreign authors first published in parts of His Majesty's dominions to which Act extends.

**23.** If it appears to His Majesty that a foreign country does not give, or has not undertaken to give, adequate protection to the works of British authors, it shall be lawful for His Majesty by Order in Council to direct that such of the provisions of this Act as confer copyright on works first published within the parts of His Majesty's dominions to which this Act extends, shall not apply to works published after the date specified in the Order, the authors whereof are subjects or citizens of such foreign country, and are not resident in His Majesty's dominions, and thereupon those provisions shall not apply to such works.

Existing works.

**24.**—(1) Where any person is immediately before the commencement of this Act entitled to any such right in any work as is specified in the first column of the First Schedule to this Act, or to any interest in such a right, he shall, as from that date, be entitled to the substituted right set forth in the second column of that schedule, or to the same interest in such a substituted right, and to no other right or interest, and such substituted right shall subsist for the term for which it would have subsisted if this Act had been in force at the date when the work was made and the work had been one entitled to copyright thereunder :

Provided that—

(*a*) if the author of any work in which any such right as is specified in the first column of the First Schedule to this Act subsists at the commencement of this Act has, before that date, assigned the right or granted any interest therein for the whole term of the right, then at the date when, but for the passing of this Act, the right would have expired the substituted right conferred by this section shall, in the absence of express agreement, pass to the author of the work, and any interest therein created before the commencement of this Act and then subsisting shall determine ; but the person who immediately before the date at which the right would so have expired was the owner of the right or interest shall be entitled at his option either—

(i) on giving such notice as hereinafter mentioned, to an assignment of the right or the grant of a similar interest therein for the remainder of the term of the right for such consideration as, failing agreement, may be determined by arbitration ; or

(ii) without any such assignment or grant, to

16

[1 & 2 GEO. 5.]    *Copyright Act*, 1911.    [CH. **46**.]

continue to reproduce or perform the work in like manner as theretofore subject to the payment, if demanded by the author within three years after the date at which the right would have so expired, of such royalties to the author as, failing agreement, may be determined by arbitration, or, where the work is incorporated in a collective work and the owner of the right or interest is the proprietor of that collective work, without any such payment ;

The notice above referred to must be given not more than one year nor less than six months before the date at which the right would have so expired, and must be sent by registered post to the author, or, if he cannot with reasonable diligence be found, advertised in the London Gazette and in two London newspapers :

(b) where any person has, before the twenty-sixth day of July nineteen hundred and ten, taken any action whereby he has incurred any expenditure or liability in connexion with the reproduction or performance of any work in a manner which at the time was lawful, or for the purpose of or with a view to the reproduction or performance of a work at a time when such reproduction or performance would, but for the passing of this Act, have been lawful, nothing in this section shall diminish or prejudice any rights or interest arising from or in connexion with such action which are subsisting and valuable at the said date, unless the person who by virtue of this section becomes entitled to restrain such reproduction or performance agrees to pay such compensation as, failing agreement, may be determined by arbitration.

(2) For the purposes of this section, the expression " author " includes the legal personal representatives of a deceased author.

(3) Subject to the provisions of section nineteen sub-sections (7) and (8) and of section thirty-three of this Act, copyright shall not subsist in any work made before the commencement of this Act, otherwise than under, and in accordance with, the provisions of this section.

*Application to British Possessions.*

**25.**—(1) This Act, except such of the provisions thereof as are expressly restricted to the United Kingdom, shall extend throughout His Majesty's dominions : Provided that it shall not extend to a self-governing dominion, unless declared by the Legislature of that dominion to be in force therein either without any modifications or additions, or with such modifications and additions relating exclusively to procedure and remedies, or

A.D. 1911.

Application of Act to British dominions.

B    17

[CH. **46**.]     *Copyright Act*, 1911.     [1 & 2 GEO. 5.]

A.D. 1911. necessary to adapt this Act to the circumstances of the dominion,
as may be enacted by such Legislature.

(2) If the Secretary of State certifies by notice published in
the London Gazette that any self-governing dominion has passed
legislation under which works, the authors whereof were at the
date of the making of the works British subjects resident else-
where than in the dominion or (not being British subjects) were
resident in the parts of His Majesty's dominions to which this
Act extends, enjoy within the dominion rights substantially
identical with those conferred by this Act, then, whilst such
legislation continues in force, the dominion shall, for the purposes
of the rights conferred by this Act, be treated as if it were a
dominion to which this Act extends ; and it shall be lawful for
the Secretary of State to give such a certificate as aforesaid,
notwithstanding that the remedies for enforcing the rights, or
the restrictions on the importation of copies of works, manu-
factured in a foreign country, under the law of the dominion,
differ from those under this Act.

Legislative
powers of self-
governing
dominions.

**26.**—(1) The Legislature of any self-governing dominion
may, at any time, repeal all or any of the enactments relating
to copyright passed by Parliament (including this Act) so far
as they are operative within that dominion : Provided that no
such repeal shall prejudicially affect any legal rights existing at
the time of the repeal, and that, on this Act or any part thereof
being so repealed by the Legislature of a self-governing dominion,
that dominion shall cease to be a dominion to which this Act
extends.

(2) In any self-governing dominion to which this Act does
not extend, the enactments repealed by this Act shall, so far as
they are operative in that dominion, continue in force until
repealed by the Legislature of that dominion.

(3) Where His Majesty in Council is satisfied that the law
of a self-governing dominion to which this Act does not extend
provides adequate protection within the dominion for the works
(whether published or unpublished) of authors who at the time
of the making of the work were British subjects resident else-
where than in that dominion, His Majesty in Council may, for
the purpose of giving reciprocal protection, direct that this Act,
except such parts (if any) thereof as may be specified in the
Order, and subject to any conditions contained therein, shall,
within the parts of His Majesty's dominions to which this Act
extends, apply to works the authors whereof were, at the time of
the making of the work, resident within the first-mentioned
dominion, and to works first published in that dominion ; but,
save as provided by such an Order, works the authors whereof
were resident in a dominion to which this Act does not extend
shall not, whether they are British subjects or not, be entitled to
any protection under this Act except such protection as is by
this Act conferred on works first published within the parts of
His Majesty's dominions to which this Act extends :

18

Provided that no such Order shall confer any rights within A.D. 1911.
a self-governing dominion, but the Governor in Council of any
self-governing dominion to which this Act extends, may, by
Order, confer within that dominion the like rights as His Majesty
in Council is, under the foregoing provisions of this subsection,
authorised to confer within other parts of His Majesty's
dominions.

For the purposes of this subsection, the expression " a
" dominion to which this Act extends " includes a dominion
which is for the purposes of this Act to be treated as if it were
a dominion to which this Act extends.

**27.** The Legislature of any British possession to which this Power of
Act extends may modify or add to any of the provisions of this Legislatures of
Act in its application to the possession, but, except so far as British posses-
such modifications and additions relate to procedure and supplemental
remedies, they shall apply only to works the authors whereof legislation.
were, at the time of the making of the work, resident in the
possession, and to works first published in the possession.

**28.** His Majesty may, by Order in Council, extend this Act Application to
to any territories under his protection and to Cyprus, and on protectorates.
the making of any such Order, this Act shall, subject to the
provisions of the Order, have effect as if the territories to which
it applies or Cyprus were part of His Majesty's dominions to
which this Act extends.

## Part II.

### International Copyright.

**29.**—(1) His Majesty may, by Order in Council, direct that Power to
this Act (except such parts, if any, thereof as may be specified extend Act to
in the Order) shall apply— foreign works.

(a) to works first published in a foreign country to which
the Order relates, in like manner as if they were first
published within the parts of His Majesty's dominions
to which this Act extends ;

(b) to literary, dramatic, musical, and artistic works, or any
class thereof, the authors whereof were at the time of
the making of the work subjects or citizens of a
foreign country to which the Order relates, in like
manner as if the authors were British subjects ;

(c) in respect of residence in a foreign country to which the
Order relates, in like manner as if such residence were
residence in the parts of His Majesty's dominions to
which this Act extends ;

and thereupon, subject to the provisions of this Part of this Act
and of the Order, this Act shall apply accordingly :

Provided that—

(i) before making an Order in Council under this section
in respect of any foreign country (other than a
country with which His Majesty has entered into

19

[CH. **46**.]      .      *Copyright Act,* 1911.      [1 & 2 GEO. 5.]

A.D. 1911.

a convention relating to copyright), His Majesty shall be satisfied that that foreign country has made, or has undertaken to make, such provisions, if any, as it appears to His Majesty expedient to require for the protection of works entitled to copyright under the provisions of Part I. of this Act ;

(ii) the Order in Council may provide that the term of copyright within such parts of His Majesty's dominions as aforesaid shall not exceed that conferred by the law of the country to which the Order relates ;

(iii) the provisions of this Act as to the delivery of copies of books shall not apply to works first published in such country, except so far as is provided by the Order ;

(iv) the Order in Council may provide that the enjoyment of the rights conferred by this Act shall be subject to the accomplishment of such conditions and formalities (if any) as may be prescribed by the Order ;

(v) in applying the provision of this Act as to ownership of copyright, the Order in Council may make such modifications as appear necessary having regard to the law of the foreign country ;

(vi) in applying the provisions of this Act as to existing works, the Order in Council may make such modifications as appear necessary, and may provide that nothing in those provisions as so applied shall be construed as reviving any right of preventing the production or importation of any translation in any case where the right has ceased by virtue of section five of the International Copyright Act, 1886.

49 & 50 Vict. c. 33.

(2) An Order in Council under this section may extend to all the several countries named or described therein.

Application of Part II. to British possessions.

**30.**—(1) An Order in Council under this Part of this Act shall apply to all His Majesty's dominions to which this Act extends except self-governing dominions and any other possession specified in the Order with respect to which it appears to His Majesty expedient that the Order should not apply.

(2) The Governor in Council of any self-governing dominion to which this Act extends may, as respects that dominion, make the like orders as under this Part of this Act His Majesty in Council is authorised to make with respect to His Majesty's dominions other than self-governing dominions, and the provisions of this Part of this Act shall, with the necessary modifications, apply accordingly.

(3) Where it appears to His Majesty expedient to except from the provisions of any order any part of his dominions not being a self-governing dominion, it shall be lawful for His Majesty by the same or any other Order in Council to declare that such order and this Part of this Act shall not, and the

20

[1 & 2 Geo. 5.]       *Copyright Act,* 1911.       [Ch. **46.**]

same shall not, apply to such part, except so far as is necessary    A.D. 1911.
for preventing any prejudice to any rights acquired previously    ——
to the date of such Order.

## Part III.

### Supplemental Provisions.

**31.** No person shall be entitled to copyright or any similar    Abrogation of
right in any literary, dramatic, musical, or artistic work, whether    common law
published or unpublished, otherwise than under and in accord-    rights.
ance with the provisions of this Act, or of any other statutory
enactment for the time being in force, but nothing in this
section shall be construed as abrogating any right or jurisdiction
to restrain a breach of trust or confidence.

**32.**—(1) His Majesty in Council may make Orders for    Provisions as
altering, revoking, or varying any Order in Council made under    to Orders in
this Act, or under any enactments repealed by this Act, but any    Council.
Order made under this section shall not affect prejudicially any
rights or interests acquired or accrued at the date when the
Order comes into operation, and shall provide for the protection
of such rights and interests.

(2) Every Order in Council made under this Act shall be
published in the London Gazette and shall be laid before both
Houses of Parliament as soon as may be after it is made, and
shall have effect as if enacted in this Act.

**33.** Nothing in this Act shall deprive any of the universities    Saving of
and colleges mentioned in the Copyright Act, 1775, of any    university
copyright they already possess under that Act, but the remedies    copyright.
and penalties for infringement of any such copyright shall be    15 Geo. 3. c. 53.
under this Act and not under that Act.

**34.** There shall continue to be charged on, and paid out    Saving of com-
of, the Consolidated Fund of the United Kingdom such annual    pensation to
compensation as was immediately before the commencement of    certain
this Act payable in pursuance of any Act as compensation to a    libraries.
library for the loss of the right to receive gratuitous copies of
books :

Provided that this compensation shall not be paid to a library
in any year, unless the Treasury are satisfied that the compensa-
tion for the previous year has been applied in the purchase of
books for the use of and to be preserved in the library.

**35.**—(1) In this Act, unless the context otherwise requires,—    Interpretation.
  " Literary work " includes maps, charts, plans, tables, and
      compilations ;
  " Dramatic work " includes any piece for recitation, choreo-
      graphic work or entertainment in dumb show, the
      scenic arrangement or acting form of which is fixed
      in writing or otherwise, and any cinematograph pro-
      duction where the arrangement or acting form or the

21

A.D. 1911.

combination of incidents represented give the work an original character ;

" Artistic work " includes works of painting, drawing, sculpture and artistic craftsmanship, and architectural works of art and engravings and photographs ;

" Work of sculpture " includes casts and models ;

" Architectural work of art " means any building or structure having an artistic character or design, in respect of such character or design, or any model for such building or structure, provided that the protection afforded by this Act shall be confined to the artistic character and design, and shall not extend to processes or methods of construction ;

" Engravings " include etchings, lithographs, wood-cuts, prints, and other similar works, not being photographs ;

" Photograph " includes photo-lithograph and any work produced by any process analogous to photography ;

" Cinematograph " includes any work produced by any process analogous to cinematography ;

" Collective work " means—

 (a) an encyclopædia, dictionary, year book, or similar work ;

 (b) a newspaper, review, magazine, or similar periodical ; and

 (c) any work written in distinct parts by different authors, or in which works or parts of works of different authors are incorporated ;

" Infringing," when applied to a copy of a work in which copyright subsists, means any copy, including any colourable imitation, made, or imported in contravention of the provisions of this Act ;

" Performance " means any acoustic representation of a work and any visual representation of any dramatic action in a work, including such a representation made by means of any mechanical instrument ;

" Delivery," in relation to a lecture, includes delivery by means of any mechanical instrument ;

" Plate " includes any stereotype or other plate, stone, block, mould, matrix, transfer, or negative used or intended to be used for printing or reproducing copies of any work, and any matrix or other appliance by which records, perforated rolls or other contrivances for the acoustic representation of the work are or are intended to be made ;

" Lecture " includes address, speech, and sermon ;

" Self-governing dominion " means the Dominion of Canada, the Commonwealth of Australia, the Dominion of New Zealand, the Union of South Africa, and Newfoundland.

22

[1 & 2 Geo. 5.]        *Copyright Act*, 1911.        [Ch. **46.**]

(2) For the purposes of this Act (other than those relating to infringements of copyright), a work shall not be deemed to be published or performed in public, and a lecture shall not be deemed to be delivered in public, if published, performed in public, or delivered in public, without the consent or acquiescence of the author, his executors administrators or assigns.

(3) For the purposes of this Act, a work shall be deemed to be first published within the parts of His Majesty's dominions to which this Act extends, notwithstanding that it has been published simultaneously in some other place, unless the publication in such parts of His Majesty's dominions as aforesaid is colourable only and is not intended to satisfy the reasonable requirements of the public, and a work shall be deemed to be published simultaneously in two places if the time between the publication in one such place and the publication in the other place does not exceed fourteen days, or such longer period as may, for the time being, be fixed by Order in Council.

(4) Where, in the case of an unpublished work, the making of a work has extended over a considerable period, the conditions of this Act conferring copyright shall be deemed to have been complied with, if the author was, during any substantial part of that period, a British subject or a resident within the parts of His Majesty's dominions to which this Act extends.

(5) For the purposes of the provisions of this Act as to residence, an author of a work shall be deemed to be a resident in the parts of His Majesty's dominions to which this Act extends if he is domiciled within any such part.

**36.** Subject to the provisions of this Act, the enactments mentioned in the Second Schedule to this Act are hereby repealed to the extent specified in the third column of that schedule:

Provided that this repeal shall not take effect in any part of His Majesty's dominions until this Act comes into operation in that part.

**37.**—(1) This Act may be cited as the Copyright Act, 1911.

(2) This Act shall come into operation—

    (*a*) in the United Kingdom, on the first day of July nineteen hundred and twelve or such earlier date as may be fixed by Order in Council;

    (*b*) in a self-governing dominion to which this Act extends, at such date as may be fixed by the Legislature of that dominion;

    (*c*) in the Channel Islands, at such date as may be fixed by the States of those islands respectively;

    (*d*) in any other British possession to which this Act extends, on the proclamation thereof within the possession by the Governor.

*Marginal notes:* A.D. 1911. — Repeal. — Short title and commencement.

23

[Ch. **46**.] *Copyright Act*, 1911. [1 & 2 Geo. 5.]

A.D. 1911.

# SCHEDULES.

## FIRST SCHEDULE.

Section 24.

### Existing Rights.

| Existing Right. | Substituted Right. |
| --- | --- |
| *(a) In the case of Works other than Dramatic and Musical Works.* | |
| Copyright    -    -    -    -    - | Copyright as defined by this Act.* |
| *(b) In the case of Musical and Dramatic Works.* | |
| Both copyright and performing right | Copyright as defined by this Act.* |
| Copyright, but not performing right - | Copyright as defined by this Act, except the sole right to perform the work or any substantial part thereof in public. |
| Performing right, but not copyright - | The sole right to perform the work in public, but none of the other rights comprised in copyright as defined by this Act. |

For the purposes of this Schedule the following expressions, where used in the first column thereof, have the following meanings :—

" Copyright," in the case of a work which according to the law in force immediately before the commencement of this Act has not been published before that date and statutory copyright wherein depends on publication, includes the right at common law (if any) to restrain publication or other dealing with the work ;

" Performing right," in the case of a work which has not been performed in public before the commencement of this Act, includes the right at common law (if any) to restrain the performance thereof in public.

* In the case of an essay, article, or portion forming part of and first published in a review, magazine, or other periodical or work of a like nature, the right shall be subject to any right of publishing the essay, article, or portion in a separate form to which the author is entitled at the commencement of this Act, or would, if this Act had not been passed, have become entitled under section eighteen of the Copyright Act, 1842.

24

[1 & 2 Geo. 5.]      *Copyright Act*, 1911.      [Ch. **46.**]

## SECOND SCHEDULE.

A.D. 1911.

Section 36.

### Enactments repealed.

| Session and Chapter. | Short Title. | Extent of Repeal. |
|---|---|---|
| 8 Geo. 2. c. 13 | The Engraving Copyright Act, 1734. | The whole Act. |
| 7 Geo. 3. c. 38 | The Engraving Copyright Act. 1767. | The whole Act. |
| 15 Geo. 3. c. 53 | The Copyright Act, 1775 | The whole Act. |
| 17 Geo. 3. c. 57 | The Prints Copyright Act, 1777. | The whole Act. |
| 54 Geo. 3. c. 56 | The Sculpture Copyright Act, 1814. | The whole Act. |
| 3 & 4 Will. 4. c. 15. | The Dramatic Copyright Act, 1833. | The whole Act. |
| 5 & 6 Will. 4. c. 65. | The Lectures Copyright Act, 1835. | The whole Act. |
| 6 & 7 Will. 4. c. 59. | The Prints and Engravings Copyright (Ireland) Act, 1836. | The whole Act. |
| 6 & 7 Will. 4. c. 110. | The Copyright Act, 1836 | The whole Act. |
| 5 & 6 Vict. c. 45. | The Copyright Act, 1842 | The whole Act. |
| 7 & 8 Vict. c. 12. | The International Copyright Act, 1844. | The whole Act. |
| 10 & 11 Vict. c. 95. | The Colonial Copyright Act, 1847. | The whole Act. |
| 15 & 16 Vict. c. 12. | The International Copyright Act, 1852. | The whole Act. |
| 25 & 26 Vict. c. 68. | The Fine Arts Copyright Act, 1862. | Sections one to six. In section eight the words " and " pursuant to any Act for " the protection of copy- " right engravings," and " and in any such Act as " aforesaid." Sections nine to twelve. |
| 38 & 39 Vict. c. 12. | The International Copyright Act, 1875. | The whole Act. |
| 39 & 40 Vict. c. 36. | The Customs Consolidation Act, 1876. | Section forty - two, from "Books wherein" to " such copyright will expire." Sections forty-four, forty-five, and one hundred and fifty-two. |
| 45 & 46 Vict. c. 40. | The Copyright (Musical Compositions) Act, 1882. | The whole Act. |
| 49 & 50 Vict. c. 33. | The International Copyright Act, 1886. | The whole Act. |
| 51 & 52 Vict. c. 17. | The Copyright (Musical Compositions) Act, 1888. | The whole Act. |
| 52 & 53 Vict. c. 42. | The Revenue Act, 1889 | Section one, from "Books first published" to "as provided in that section." |

C

25

[Сн. **46.**]          *Copyright Act*, 1911.          [1 & 2 Geo. 5.]

A.D. 1911.

| Session and Chapter. | Short Title. | Extent of Repeal. |
|---|---|---|
| 6 Edw. 7. c. 36 | The Musical Copyright Act, 1906. | In section three the words " and which has been re-" gistered in accordance " with the provisions of the " Copyright Act, 1842, or " of the International " Copyright Act, 1844, " which registration may " be effected notwithstand-" ing anything in the In-" ternational Copyright " Act, 1886." |

PRINTED IN ENGLAND BY J A DOLE
Controller and Chief Executive of Her Majesty's Stationery Office and
Queen's Printer of Acts of Parliament.
Reprinted in the Standard Parliamentary Page Size.

1ST IMPRESSION    1911
19TH IMPRESSION    1988

LONDON : HER MAJESTY'S STATIONERY OFFICE

£3.80

ISBN 010 9 850250 3