March 5, 2025

<u>*Via ECF*</u>

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square New York, New York
10007

**RE: Court's Order of March 3, 2025 (Dkt. 27)**

Dear Judge Furman:

Pursuant to the Court's March 3 Order, Plaintiff and Defendants submit this joint letter after meeting and conferring about Plaintiff's motion for preliminary injunction. As explained below, Defendants propose an alternative schedule and request a conference at the Court's earliest availability to discuss this matter.

1. **Defendants' position re: briefing schedule.**

On February 21 the Court issued an Order accepting a briefing schedule pursuant to a stipulation of the parties regarding service of Plaintiff's complaint and Defendants' response to the complaint. The reason for the stipulation was to align Defendants' response to the complaint on one single date given different dates of service and to provide defendants additional time to prepare a response given there was no advance notice of the lawsuit. In reaching this stipulation there was no discussion between counsel of a motion by Plaintiff for a preliminary injunction or how Defendants might respond to the complaint.

Concurrently with submitting this joint letter Defendants have filed a motion to dismiss for lack of subject matter jurisdiction or, alternatively, to transfer this action to the Central District of California, where Defendants will seek to relate it to the prior litigation among most of the parties, which was presided over by the Honorable Otis D. Wright II. The grounds for Defendants' motion are detailed in the motion papers. Defendants have filed that motion three weeks early because it presents a threshold issue of whether this case can or should proceed in this Court. For that reason, we believe it is prudent for the parties to brief and the Court to decide Defendants' motion to dismiss/transfer before proceeding, if at all, to brief and hear plaintiff's preliminary injunction motion. Defendants therefore propose that the briefing on defendants' motion be accelerated and/or the briefing of Plaintiff's motion be deferred in order to permit the Court to rule on the jurisdiction and transfer issues before the parties address plaintiff's preliminary injunction motion. As we have informed Plaintiff's counsel, if the motion for preliminary injunction is briefed and heard after the Court's ruling on the motion to dismiss/transfer, (1) the parties can then agree, subject to the Court's calendar, on a prompt schedule for proceeding with the motion; and (2)

Defendants agree that their opposition to Plaintiff's motion will not count the extra time to hear the motion in making any argument about delay.

Defendants disagree with Plaintiff's position below that defendants should address these issues in their opposition to the preliminary injunction motion, both because there is no basis to consider Plaintiff's motion if this Court lacks subject matter jurisdiction and because it would result in an inefficient consumption of time and resources to litigate Plaintiff's motion before the Court can determine if this action should proceed here.  In no instance, are Defendants asking the Court to hear seriatim motions to dismiss before addressing (if at all) Plaintiffs' preliminary injunction motion. The one and only motion to address first is the jurisdictional and venue challenge that Defendants raise.

### 2. Plaintiff's position re: briefing schedule.

Plaintiff agrees with the briefing schedule set in the Court's Order.  Plaintiff submits that Defendants already stipulated to a schedule concerning motions to dismiss, in full awareness of the bases for jurisdiction alleged in the complaint and its express request for preliminary injunctive relief.  In fact, Plaintiff stipulated to the currently in-force schedule at Defendants' request, at which time they apprised Plaintiff of no issues concerning subject-matter jurisdiction or venue.  If Defendants desire to challenge subject-matter jurisdiction, they can plainly do so in opposition to the pending preliminary injunction motion, given their stated readiness to file a motion to dismiss on this issue concurrently with this letter.  Further, plaintiff does not believe there is a basis for transferring this New York-centered case to California—certainly not just because defendants previously made the strategic decision to sue there regarding an entirely different matter (i.e., termination rights under the U.S. Copyright Act).

Plaintiff believes the schedule already stipulated to and ordered should control motions to dismiss.  Defendants' changed request opens the door to seriatim motions to dismiss (notably, they disclaim only an intent to file a second motion to dismiss before disposition of the preliminary injunction) that are inefficient and unfair. Even if the Court limits Defendants to the single motion to dismiss they are filing, as is the default rule, the delay introduced by this additional round of motion practice prior to disposition of the preliminary injunction may render a favorable ruling too close in time to Defendants' July release of *Superman* to permit full relief. A federal court deciding a motion for preliminary injunction, or indeed any other matter, must of course satisfy itself of subject-matter jurisdiction; but there is no requirement or need for entirely separate motion practice. The jurisdictional issues Plaintiff now understands Defendants intend to raise, while technical, are straightforward and perfectly capable of disposition within the schedule set by the Court for the pending preliminary injunction motion.

Plaintiff therefore submits that the schedule provided in the Court's February 21 and March 3 orders should control.

**3. Parties' positions regarding discovery, an evidentiary hearing, and conference.**

Both parties agree that discovery in connection with the motion for preliminary injunction is not necessary. Plaintiff does not believe an evidentiary hearing is necessary, given the undisputed nature of the facts at issue. Defendants reserve the right to request an evidentiary hearing once the parties' briefing on the motion is concluded. Both parties are available for a conference if the Court wishes to discuss these matters.

Respectfully submitted,

| | |
|---|---|
| Marc Toberoff | Daniel M. Petrocelli |
| Toberoff & Associates, P.C. | O'Melveny & Myers LLP (pro hac vice) |
| 23823 Malibu Road, Suite 50-363 | 1999 Avenue of the Stars, 8th Floor |
| Malibu, CA 90265 | Los Angeles, CA 90067 |
| Tel.: (310) 246-3100 | Tel.: (310) 246-6700 |
| mtoberoff@toberoffandassociates.com | dpetrocelli@omm.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

cc: Counsel of Record