P37CpeaC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MARK WARREN PEARY,
individually and in his
capacity as executor of the
Estate of Joseph Shuster,

              Plaintiff,

          v.                    25 Civ. 910 (JMF)
                              Telephone Conference
DC COMICS, INC., a New York
corporation; DC COMICS, a New
York general partnership; DC
ENTERTAINMENT, INC., a
Delaware Corporation; WARNER
BROS. DISCOVERY, INC., a
Delaware Corporation; and DOES
1-10,

              Defendants.

------------------------------x

                              New York, N.Y.
                              March 7, 2025
                              2:30 p.m.

Before:

                HON. JESSE M. FURMAN,

                            District Judge

                   APPEARANCES

TOBEROFF & ASSOCIATES
    Attorneys for Plaintiff
BY:  MARC TOBEROFF

O'MELVENY & MYERS LLP
    Attorneys for Defendants
BY:  DANIEL M. PETROCELLI

P37CpeaC

(The Court and all parties appearing telephonically)

THE COURT:  Good afternoon.  This is Judge Furman.  If I could get your attention.  Thank you.

This is in the matter of Peary v. DC Comics, *et al.*, 25 Civ. 910.

Before I take appearances, a couple quick reminders.

Number one, please remember to mute your phone if you can to avoid background noise.

Number two, remember to unmute it for when you wish to say something.  Please begin with your full name so the court reporter and I both know who's speaking.

Number three, remember, this is a public conference just as it would be if were in open court.

Finally, a reminder that it cannot be recorded or rebroadcast by anyone.

With that, I'll take appearances.  I would ask that just one person who will principally be the speaker make appearances for each side.  So beginning with counsel for plaintiff.

MR. TOBEROFF:  Good afternoon, your Honor.  Marc Toberoff appearing for plaintiff Mark Warren Peary.

THE COURT:  Good afternoon.

And counsel for defendants.

MR. PETROCELLI:  Good afternoon, your Honor.  Daniel Petrocelli of O'Melveny & Myers, with Matthew Kline and

P37CpeaC

Cassandra Seto, and our client Leah Montesano, who is also on the line.  We are for defendants.

THE COURT:  Good afternoon to all of you, as well.

So I did tentatively set a briefing schedule and indicated my views on how to brief the two motions.  I'm kind of inclined to stick with that plan, but certainly to hear any contrary views and more generally speak about anything that you think we ought to speak about, but perhaps that's all we need to do.

So let me start with you, Mr. Toberoff, and let me hear your thoughts.

MR. TOBEROFF:  Your Honor, we agree that's the best course, to hear both motions simultaneously.  I'd only ask, I have major conflicts.  The week of the opposition to motions to dismiss was accelerated to March 14th, I have the three briefs due that week, a conference, status conference in Oakland, San Francisco, and as well as joint statements due all falling in the same week.  So I would just ask whether it's possible, instead of March 14th, to make the opposition due on March 21st, and would be fine with the opposition to the preliminary injunction motion also be due on March 21st, and then both replies due on March 28.  So everything would still be coterminous, it would just be a little extra time for the opposition for March 14th to March 21st.

THE COURT:  All right.  Mr. Petrocelli.

P37CpeaC

MR. PETROCELLI:  Your Honor, first of all, if your Honor's inclined to stay with your tentative, then the additional week requested by Mr. Toberoff for those filings on both motions is fine with the defendants.

That said, I would like to at least take a run at suggesting that the motions be bifurcated because even with that one-week extension, and your Honor having a week or two to make a decision, we're only then talking about filing our opposition to the preliminary injunction motion a matter of three or so weeks later.  That three-week time difference is not material in any respect.  We had offered to Mr. Toberoff, and obviously would maintain the position in our file, that we would not count that three weeks in terms of making any delay arguments.

The reason for the request, your Honor, is we do believe that there is no basis for subject matter jurisdiction, and it would be inefficient for us to have to respond to the injunction motion.  Without in any way suggesting that the motion is complicated or has merit, we are facing a banker's box of over 2,000 pages of documents, consisting almost entirely of foreign law materials.  We are planning to submit declarations from foreign law experts in each of the four countries that are the subject of the pending motion, Ireland, U.K., Australia, and Canada.

And so for a matter of three weeks, within our view a

P37CpeaC

strong likelihood that there is no subject matter jurisdiction, we would ask your Honor to consider bifurcating the schedule.

THE COURT:  I'm not quite following the three weeks that you mean.  I think Mr. Toberoff's proposal was that the oppositions to both motions would be due on March 21st and then replies on March 28th.

MR. PETROCELLI:  My apologies, your Honor.  This is Mr. Petrocelli, again, for the record.

Yes.  Let's assume that that is the schedule under my proposal, the motion to dismiss opposition on the 21st and the reply on the 28th.  If the Court rules on the motion to dismiss and decides there's no subject matter jurisdiction, then that's the end of the matter.  If the Court concludes there is subject matter jurisdiction and also concludes to deny the motion to transfer, what I'm suggesting is that we could file our opposition to the preliminary injunction motion as early as April 7, and he could file his reply brief as one week later or even two weeks later if he would like.  And so the difference between the two proposals is only a matter of two to three weeks.

THE COURT:  I understand.  Okay.

Let me ask, because part of the brief, and I was staying the course on the briefing schedule on that front and accelerating the briefing schedule on your motion, recognizing, as I said in the order, that it's a threshold issue and I can't

proceed if I lack jurisdiction.

Talk to me about the significance, if any, of the July release date of the movie. I have the impression from the complaint and the letter that there was a need for a ruling before that date; is that true? I can obviously try my best regardless of the briefing schedule, but this isn't my only case. So just want to understand what we're dealing with and make sure I have enough time to deal with whatever issues I need to resolve.

MR. PETROCELLI: This is Mr. Petrocelli, your Honor.

That is the current release date. I have no information that it would change. To the extent this Court were to proceed and hear the injunction, preliminary injunction motion, it would be necessary to hear it and decide it before that date.

If we filed our opposition, as I indicated, on April 7th and Mr. Toberoff responded a week or so later, that would give the Court a couple of months in which to make a decision.

THE COURT: Mr. Toberoff.

MR. TOBEROFF: Yes. So we of course disagree that -- we believe strongly that there is subject matter jurisdiction. The cases, this is isn't the time to go into it in detail, but the cases they cite refer to --

THE COURT: Let me cut you off. No need to go into it at all. We're just setting a briefing schedule. I'm not going

P37CpeaC

to engage in the substance.  Subject matter jurisdiction is obviously a threshold issue and I think there's some substance to Mr. Petrocelli's proposal.  Even if I can't get to the motion to dismiss before opposition would be due, it's hard to imagine it wouldn't take me at least a few weeks.  In that regard, even if I were to issue a ruling and find that I did have jurisdiction, it wouldn't meaningfully delay things, is I think is the upshot.  I don't think there's any harm in a little more time on that front.

MR. TOBEROFF:  Of course a preliminary injunction motion has urgency to it, and they've admitted that it has that urgency due to the July release date of the film.  That's why I think your initial response about hearing these motions simultaneously is the best way to deal with it.

Originally, when we filed the complaint, they were the ones who asked for, you know, instead of the 30 days to respond, an additional 30 days, which we granted and we entered into a stipulation, it was so ordered.  And after we filed this, they immediately filed their motion to dismiss.  I think they should be heard simultaneously.  We vigorously will defend subject matter jurisdiction, federal question jurisdiction here, and there are also questions about their assertion of lacking diversity.  There are also serious questions here as to the rules to be applied regarding the estate because these are special rights that actually vest in the executor, not in the

P37CpeaC

estate.  They're personal to the executor and we have three different circuits.  So there are substantial questions here, which would be normal to be decided.  They could have raised these questions as a defense to our preliminary injunction motion, they chose to bring a separate motion to dismiss, and I think it's the best course to hear them together.

THE COURT:  I certainly hear your point, they could have opposed.  On the other hand, by bringing their own motion sooner than their opposition is due, it speeds this along in a way that is advantageous to getting you rulings by the time you need them.

Can you give me a sense of the urgency from your standpoint.  That is to say, as long as you had a ruling before the release date, is there any harm in delay of a couple weeks or what's your view on that?

MR. TOBEROFF:  Well, because there's more to it than that, if an injunction were to be granted, they would have to -- they would need sufficient leave time in order to, you know, geo, they call it geofencing territories where they wouldn't be distributing -- they would be enjoined from distributing the film.  So that's not something that can happen instantaneously.  There's leave time that would be needed for that.  And having a --

THE COURT:  Go ahead.  Go ahead, Mr. Toberoff.

MR. TOBEROFF:  Yes.  So having a, you know, by making

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P37CpeaC

these motions coterminous, it also gives this Court more time. And even with respect to the motion to dismiss, the preliminary injunction motion will just be more space in the briefing to fully ventilate all the issues, and then the Court will have more time to decide them in such a way that if an injunction were granted, it can actually take effect in a way that's less burdensome on the defendants.

THE COURT:  If it's a burden on them and time is of the essence for them to implement that, that's really an argument for them to make.

Mr. Petrocelli, I assume you recognize by asking for a few more weeks, that means you presumably would have fewer weeks on the back end in the event I find there was jurisdiction and granted relief.  I take it you are making the request notwithstanding that; is that correct?

MR. PETROCELLI:  Yes, your Honor, that is correct.

This is Mr. Petrocelli, for the record.

THE COURT:  All right.  I think that proposal makes some sense.  I mean, I will certainly try to decide these motions as quickly as I can, but I also have a handful of trials coming up that will make that a lit bit more challenging, but I think, regardless, it's unlikely that a delay of a few weeks on the PI motion is going to cause any material harm since I will need to address and assure myself that I have jurisdiction before proceeding to that motion

P37CpeaC

regardless.

So I'll grant Mr. Toberoff's request to extend the briefing schedule on the motion to dismiss and opposition would be due on March 21st, reply due on March 28th, and the opposition to the preliminary injunction will be extended, Mr. Petrocelli, I think you said April 7th. Was that the date that you proposed?

MR. PETROCELLI: Yes, your Honor.

THE COURT: To April 7th. And then any reply would be due April 21st.

I am going to ask you to submit a stipulation and proposed order with respect to Mr. Petrocelli, your representation that you would not make any arguments as to the delay incurred as a result of that extended briefing schedule. I accept that representation and my extension is predicated on it, which is to say it is effective as is, but I think it would make sense to paper it to ensure the record is clear on what it involves precisely. So I would ask you to confer with Mr. Toberoff and submit a proposed order and stipulation on that score. All right?

MR. PETROCELLI: We will do so. Thank you very much, your Honor.

THE COURT: Anything else from either of you?

Mr. Toberoff.

MR. TOBEROFF: No, your Honor. Thank you very much.

P37CpeaC

THE COURT:  Mr. Petrocelli.

MR. PETROCELLI:  No, your Honor.  Thank you.

THE COURT:  I will enter a bottom line order with the revised dates so it's on the docket and otherwise look for your filings in the coming weeks.  Thank you very much and have a wonderful weekend.  We're adjourned.  Bye-bye.

* * *