# EXHIBIT B

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/3/2024 5:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By I. Aziz Islam, Deputy Clerk

Marc Toberoff (S.B. #188547)
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Petitioner MARK WARREN PEARY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF LOS ANGELES**

| In Re Estate of Joseph Shuster, Deceased | CASE NUMBER: BP080635 <br><br> **SUPPLEMENT TO CLEAR PROBATE NOTES** <br><br> Hearing Date: July 9, 2024 <br> Hearing Time: 8:30AM <br> Dept: 99 |
|---|---|

1    Petitioner, Mark Warren Peary, hereby submits the following Supplement
2 to the Status Report of Administration, which was previously filed on December
3 18, 2023, and is scheduled for hearing on July 9, 2024 at 8:30AM:
4    **Note A**:  No PROPER ntc/copy to affected parties [1] w/right to acct
5 legend [PC 12201(b)]. Ntc filed 12/18/23 is INSUFFICIENT -Para 2 reflects
6 hrng date as 1/9/24.
7    **Supplement to Note A**:  Notice of Hearing for the July 9, 2024 hearing
8 and a copy of the Status of Report of Administration filed December 18, 2023
9 were served upon all affected parties via First Class Mail on June 25, 2024,
10 which Notice of Hearing with Proof of Service was filed with the Court on June
11 25, 2024.
12    **Note B**:  No PROPER spec ntc/copy [4] - Amy Genkins, Wayne Smith, &
13 Daniel M. Petrocelli, & Patrick T. Perkins (request filed 02/09/11). Ntc filed
14 12/18/23 is INSUFFICIENT - Para 2 reflects hrng date as 1/9/24.
15    **Supplement to Note B**: Amy Genkins, Wayne Smith, Daniel M.
16 Petrocelli and Patrick T. Perkins were served by Petitioner with a Notice of
17 Hearing for the July 9, 2024 hearing and a copy of the December 18, 2023
18 Status Report of Administration, via First Class Mail on June 25, 2024, which
19 Notice of Hearing with Proof of Service was filed with the Court on June 25,
20 2024.
21    **Note C**:  No I&A filed.
22    **Supplement to Note C**:  When Joseph Shuster died, on July 30, 1992, the
23 value of his Estate was below the threshold required for the Estate to be probated
24 pursuant to CA Prob Code §13100. The economic state of the Estate was such
25 that its assets could not even cover Shuster's funeral costs. As such, no
26 Inventory and Appraisal was performed at that time.
27    The Estate was later probated in 2003, because Petitioner sought to
28 enforce Shuster's copyright termination rights under 17 U.S.C. §304(c), with

1

SUPPLEMENT TO CLEAR PROBATE NOTES

respect to Shuster's literary creations. The Estate needed to be probated because when a deceased author has no living widow or widower, children, or grandchildren (as was the case of Shuster), the termination right, pursuant to 17 U.S.C. §304(c)(2)(D), is held only by the author's executor, administrator, personal representative, or trustee.

Subsequently, the Estate has been engaged in the process of identifying Shuster's intellectual property. This has been a long and complicated process, due to a number of factors: *first*, most of Shuster's work was created decades ago, from the 1930s to the 1970s; *second*, many of Shuster's works were unpublished, and therefore physical copies of the originals need to be located in order to be properly identified and exploited; and *third*, in 2018, a large number of lesser-known works by Shuster were unearthed, requiring an involved chain-of-title analysis. All these factors have been time-consuming and labor-intensive for the Estate to address, and the difficulty of placing a value on such unexploited intellectual property has contributed to the difficulty in performing an Inventory and Appraisal to this date.

**Note D**:  Petnr alleges more time is needed to make money for the Estate & the Estate has been open for 20+ years – administration needs to close. Final petn to be filed w/i 90 days.

**Supplement to Note D**:  Petitioner alleges that the Estate should remain open, as certain rights with respect to Shuster's copyright interests can only be exercised by the executor or administrator of his Estate (e.g., termination rights under the Copyright Act, as Shuster has no surviving widow, children or grandchildren), not simply to "make money." Pursuant to the April 14, 2024 Minute Order issued by this Court, Petitioner submitted a Statement to the Court on June 27, 2024, which Statement outlined the reasons that the Estate should remain open. Petitioner respectfully refers the Court to the June 27, 2024

2

SUPPLEMENT TO CLEAR PROBATE NOTES

Statement in response to Note D and asks that the Estate remain open until December 31, 2024.

DATED:  July 3, 2024        TOBEROFF & ASSOCIATES, P.C.

                                 By:  */s/ Marc Toberoff*
                                    Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
*mtoberoff@toberoffandassociates.com*

Attorneys for Petitioner Mark Warren Peary

3

SUPPLEMENT TO CLEAR PROBATE NOTES

**PROOF OF SERVICE**
*In Re Estate of Joseph Shuster*
Case No. BP080635

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265.

On July 3, 2024, I served the foregoing document described as: **SUPPLEMENT TO CLEAR PROBATE NOTES** on the following Parties Requiring Special Notice by placing a true copy thereof enclosed in sealed envelopes addressed to:

| | |
|---|---|
| Dawn L. Peavy<br>51 Camino Cabo<br>Santa Fe, NM 87598 | Amy Genkins<br>DC Comics<br>1700 Broadway, 7th Floor<br>New York, NY 10019 |
| Wayne Smith<br>Patrick T. Perkins<br>Warner Brothers Entertainment, Inc.<br>4000 Warner Blvd., Bldg. 159<br>Burbank, CA 91522 | Daniel M. Petrocelli<br>O'Melveny & Myers, LLP<br>1999 Avenue of the Stars, 8th Floor<br>Los Angeles, CA 90067 |

[ x ]   **BY MAIL** - I deposited such envelopes in the mail at Malibu, California. The envelopes were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Malibu, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[ ]   **(BY ELECTRONIC MAIL):** I caused the above-described document to be served on the interested parties noted above by electronic mail transmission.

1

PROOF OF SERVICE

1  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

2

3  Executed on July 3, 2024 at Malibu, CA.

  _____
  Breck Kadaba