# EXHIBIT 5

DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone:  (845) 265-2820
Facsimile:   (845) 265-2819

Attorneys for Plaintiff DC Comics

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>              Plaintiff,<br><br>      v.<br><br>PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JEAN ADELE PEAVY, an individual, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. CV-10-3633 ODW (RZx)<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF DC COMICS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT PACIFIC PICTURES CORPORATION**<br><br>**Judge**:  Hon. Otis D. Wright II<br>**Magistrate**:  Hon. Ralph Zarefsky |

**PROPOUNDING PARTY**:    Plaintiff DC Comics

**RESPONDING PARTY**:    Defendant Pacific Pictures Corporation

**SET NUMBER**:    One (Document Request Nos. 1-38)

1        Pursuant to Federal Rule of Civil Procedure 34, plaintiff DC Comics hereby

2   requests that defendant Pacific Pictures Corporation produce for inspection and

3   copying all documents described in the following Requests for Production, in

4   accordance with the definitions and instructions contained therein, by no later than

5   January 10, 2011.

6                        **DEFINITIONS AND INSTRUCTIONS**

7        1.    "DOCUMENT" shall be interpreted in its broadest sense to include

8   any and all "documents" and "other tangible things" as those terms are

9   understood in Federal Rule of Civil Procedure 34, including, without limitation,

10  any "writing," "recording," or "photograph" as those terms are defined in Federal

11  Rule of Evidence 1001. This shall include, but is not limited to: e-mail, audio or

12  video recordings, correspondence, letters, phone messages, notes, memoranda,

13  facsimiles, publications, contracts, agreements, calendars, drafts of proposed

14  contracts or agreements, papers, and photographs.

15       2.    "COMMUNICATION" means all written, electronic, oral,

16  telephonic, gesture, or other transmission or exchange of information, including

17  without limitation any inquiry, request, dialogue, discussion, conversation,

18  interview, correspondence, letter, note, consultation, negotiation, agreement,

19  understanding, meeting, e-mail, and all DOCUMENTS evidencing any verbal or

20  nonverbal interaction between any individuals or entities.

21       3.    "REFER" or "RELATE" (or any conjugation thereof) means,

22  without limitation, evidence, reflect, summarize, constitute, contain, study,

23  analyze, explain, mention, show, discuss, describe, or comment upon.

24       4.    "OBTAIN" (or any conjugation thereof) means, without limitation,

25  acquire, attain, capture, come by, gain, garner, get, procure, or secure.

26       5.    "PERSON" means any natural person, firm, association, corporation,

27  partnership, or other legal entity or organization separately identifiable, and any

28  department(s) or division(s) therein.

- 1 -

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

6.    "YOU" or "YOUR" or "PACIFIC PICTURES" means Pacific Pictures Corporation and, as applicable, any PERSON in which it has a controlling interest or that is acting on its behalf, including but not limited to its/their agents, employees, attorneys, and representatives.

7.    "DEFENDANT" or "DEFENDANTS" means, collectively and severally, any defendant in the above-entitled action, including YOU; IP Worldwide, LLC; IPW, LLC; Marc Toberoff; Mark Warren Peary, on behalf of the Estate of Joseph Shuster; Jean Adele Peavy; Joanne Siegel; and Laura Siegel Larson and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

8.    "SIEGEL HEIRS" means, collectively and severally, Joanne Siegel, Laura Siegel Larson, Dennis Larson, Michael Siegel, or any other executor, administrator, heir, relative, or representative of Jerome Siegel and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

9.    "SHUSTER HEIRS" means, collectively and severally, the Estate of Joseph Shuster, Jean Adele Peavy, Mark Warren Peary, Dawn Peavy, Frank Shuster, or any other executor, administrator, heir, relative, or representative of Joseph Shuster and, as applicable, any PERSON acting on their behalf, including but not limited to their agents, employees, attorneys, and representatives.

10.    "SUPERMAN" means the Superman character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *Action Comics. No. 1.*

11.    "SUPERBOY" means the Superboy character as delineated in literary works such as comic books, newspapers, novels, radio programs, television programs, and motion pictures, and any of the works in which he appears, including but not limited to *More Fun Comics No. 101.*

12.    "INCLUDING" means "including, but not limited to."

13.    "Any" and "All" are interchangeable.

14.    The singular form includes the plural form, and vice versa.

15.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control. A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity that has physical possession of the DOCUMENT.

16.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

17.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

18.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)    A general description of the subject matter of the DOCUMENT;

(d)    The basis of any claim of privilege; and

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

(e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

19.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

(a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

(b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state; and

(c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

20.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

21.    All responsive DOCUMENTS maintained or stored in electronic format shall be produced in native file format with all associated metadata preserved. All responsive DOCUMENTS maintained in hard copy shall be produced in TIFF.

22.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENT may be determined, if necessary.

23.    DOCUMENTS attached to each other shall not be separated.

24.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response

PL.'S FIRST SET OF REQS. FOR
PRODUC. TO DEF. PACIFIC
PICTURES CORPORATION

1    or production if YOU determine that YOUR response or production is incomplete

2    or incorrect.

### DOCUMENTS REQUESTED

4        1.    All agreements between or among YOU and any DEFENDANT

5    RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or

6    SUPERBOY.

7        2.    All agreements between or among YOU and any DEFENDANT

8    RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or

9    SUPERBOY.

10       3.    All agreements between or among YOU and any third party

11   RELATING to the SIEGEL HEIRS' purported rights in SUPERMAN and/or

12   SUPERBOY.

13       4.    All agreements between or among YOU and any third party

14   RELATING to the SHUSTER HEIRS' purported rights in SUPERMAN and/or

15   SUPERBOY.

16       5.    All DOCUMENTS RELATING to SUPERMAN and/or SUPERBOY.

17       6.    All DOCUMENTS RELATING to the SIEGEL HEIRS.

18       7.    All DOCUMENTS RELATING to the SHUSTER HEIRS.

19       8.    All DOCUMENTS RELATING to YOUR ability to negotiate or enter

20   into agreements regarding SUPERMAN and/or SUPERBOY.

21       9.    All DOCUMENTS RELATING to or affecting the disposition,

22   division, or ownership of any rights in SUPERMAN and/or SUPERBOY.

23       10.   All DOCUMENTS RELATING to or affecting the division of revenue,

24   proceeds, or other profits regarding SUPERMAN and/or SUPERBOY.

25       11.   All DOCUMENTS RELATING to or affecting the division of any

26   settlement proceeds regarding SUPERMAN and/or SUPERBOY.

27       12.   All DOCUMENTS RELATING to the potential sale, assignment,

28   license, or other disposition of any rights relating to SUPERMAN and/or

1 | SUPERBOY, including but not limited to any solicitation, offer, option, or

2 | proposed agreement.

3 |      13.    All DOCUMENTS RELATING to any efforts YOU have made to sell,

4 | lease, license, or otherwise exploit any rights in SUPERMAN and/or SUPERBOY.

5 |      14.    All DOCUMENTS RELATING to any potential investors or other

6 | PERSONS who have expressed interest in purchasing or otherwise investing in any

7 | rights in SUPERMAN and/or SUPERBOY.

8 |      15.    All DOCUMENTS RELATING to the valuation of any past, current,

9 | or potential ownership interest in SUPERMAN and/or SUPERBOY.

10 |      16.    All DOCUMENTS RELATING to the valuation of any past, current,

11 | or potential ownership interest in SUPERMAN and/or SUPERBOY.

12 |      17.    All COMMUNICATIONS RELATING to any disclosure of a potential

13 | or actual conflict of interest by or to YOU or any DEFENDANT.

14 |      18.    All DOCUMENTS RELATING to YOUR introduction to and

15 | involvement with the SIEGEL HEIRS.

16 |      19.    All DOCUMENTS RELATING to YOUR introduction to and

17 | involvement with the SHUSTER HEIRS.

18 |      20.    All DOCUMENTS RELATING to the letter agreement dated

19 | November 23, 2001 that YOU entered into with the SHUSTER HEIRS.

20 |      21.    All DOCUMENTS RELATING to Ari Emanuel.

21 |      22.    All DOCUMENTS RELATING to any COMMUNICATIONS with

22 | Ari Emanuel.

23 |      23.    All DOCUMENTS RELATING to YOUR past and current ownership

24 | and management structure, including operating agreements, by-laws, capitalization

25 | schedules, capital accounts, shares, filings, and other financial forms.

26 |      24.    All DOCUMENTS RELATING to the Memorandum of Agreement

27 | dated February 2, 2002 that YOU entered into with Ari Emanuel.

28 |

25.   All DOCUMENTS RELATING to any contributions by YOU to the IP Worldwide joint venture.

26.   All DOCUMENTS RELATING to YOUR identification of "JS Claims" in Appendix 1 to the February 2, 2002 Memorandum of Agreement.

27.   All DOCUMENTS RELATING to the letter agreement dated October 27, 2003 that YOU entered into with the SHUSTER HEIRS.

28.   All DOCUMENTS RELATING to the letter dated September 10, 2004 that YOU signed with the SHUSTER HEIRS.

29.   All DOCUMENTS RELATING to the formation of PACIFIC PICTURES.

30.   All DOCUMENTS RELATING to the current corporate status of PACIFIC PICTURES.

31.   All DOCUMENTS RELATING to any past, current, or planned business activity of PACIFIC PICTURES.

32.   All DOCUMENTS RELATING to any past, current, or planned property in which PACIFIC PICTURES held, holds, or will hold an interest.

33.   All DOCUMENTS RELATING to any individual or entity that currently holds property or interests formerly held by PACIFIC PICTURES.

34.   All DOCUMENTS RELATING to any past, current, or planned client of PACIFIC PICTURES.

35.   All DOCUMENTS RELATING to any past or current member, employee, or shareholder of PACIFIC PICTURES.

36.   All DOCUMENTS RELATING to any past, current, or planned partnership or strategic alliance between PACIFIC PICTURES and any individual or entity.

37.   All DOCUMENTS RELATING to any claim of insurance you have asserted regarding this action.

1        38.   All DOCUMENTS RELATING to YOUR DOCUMENT maintenance

2    and retention policies.

3

4    Dated:  December 10, 2010              Respectfully submitted,

5                                        O'MELVENY & MYERS LLP

6

7                                        By: _____

8                                           Daniel M. Petrocelli

                                      Attorneys for Plaintiff DC Comics

9

10   CCI:840133

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28