# EXHIBIT K

A. C.                AND PRIVY COUNCIL.                **615**

[PRIVY COUNCIL.]

BADAR BEE . . . . . . . . . . . APPELLANT;

AND

HABIB MERICAN NOORDIN AND OTHERS  .  RESPONDENTS.

ON APPEAL FROM THE SUPREME COURT OF THE STRAITS
SETTLEMENTS (SETTLEMENT OF PENANG).

J. C.*
1909
*May* 11, 12 ;
*July* 20.

*Construction of Will—Destination of the Subject of Void Gifts—Residuary
Legatees—Next of Kin—Res judicata.*

The appellant petitioned to have it declared that the devise and gifts
contained in the 6th clause of the testator's will were void, and that the
lands comprised therein and the income thereof being undisposed of
belonged to the testator's next of kin.  It appeared that in 1872 the
Court in a suit relating to the same will had declared the said gifts to be
void and that they "fell into the undevised residue of the testator's
estate"; that thereafter the gifts which were of annual sums were
paid to the testator's next of kin with the assent of all parties interested,
and that in 1891 in another suit relating to the same clause the Court had
declared that the defendants, who included the trustees of the will, were
*estopped from contending that the said annual sums were not wholly
undisposed of :—*

*Held,* overruling the judgment of the Court below, that the decision
of 1872 as to the true construction of clause 6 applied to the corpus of the
property comprised therein and was not limited to the gifts of the annual
sums and was res judicata against the claim of the respondents, the
residuary legatees.

APPEAL by special leave from a decree of the Supreme Court
(July 4, 1905) which ordered that so much of a judgment of Law J.
(August 11, 1903) as declared that certain lands mentioned in
clause 6 of the will of the testator Mahomed Noordin were at the
death of the testator vested in the respondent Habib Merican
Noordin and one Mahomed Nassaroodin Merican Noordin in
trust for the next of kin of the testator should be set aside, and
whereby also the Court declared that the said lands were vested in
the said trustees in trust for the persons entitled to the residue
of the testator's estate, save and except two yearly sums amounting
to $700 given by the testator by clause 6 of the said will for special

* *Present:* LORD MACNAGHTEN, LORD ATKINSON, LORD COLLINS, and
SIR ANDREW SCOBLE.

J. C.
1909

BADAR BEE
*v.*
HABIB
MERICAN
NOORDIN.

kandoories, which said yearly sums amounting to $700 were declared to be payable to the next of kin of the testator.

By the said 6th clause the testator devised to his trustees the lands in Penang the subject of appeal, and directed that they should be called the wakkoff (*sic*) of Mahomed Noordin, and that his executors and trustees should, out of the residue of the rents and profits thereof, after deducting expenses and repairs, pay every year the following sums :—

1. To the managing body of a school in Chulia Street for the learning of certain languages, $20 per month.

2. For the maintenance of the testator's daughter Tengachee Mah (now deceased), $60 per month to be paid to her and her lawful issues during their natural lives for their separate use, without power of anticipation.

3. $40 per month to be paid to Sheik Meydin for the maintenance of Kulsome Beebee and Habib Merican Noordin, to be paid to him as long as the terms of a certain settlement were in force, and after the same had become void after the decease of the said Kulsome Beebee to continue to be paid to the said Habib Merican Noordin for the use of himself and any of his lawful issues during his and their natural lives.

And the residue of the rents and profits of the said devised premises upon trust to expend for the yearly performance of kandoories and entertainments for the testator and in his name, to commence on the anniversary of his decease according to the Mahomedan religion or custom, such kandoories and entertainments to continue for ten successive days every year, and also in the performance of an annual kandoorie in the names of all the prophets, or to expend the same in giving a kandoorie or feast according to the Mahomedan religion or custom to the poor for ten successive days every year from the anniversary of his decease to the extent of $300, including the cost of lighting up a mosque, burial place and schoolrooms. And also to give kandoories or feasts to the poor as aforesaid once in every three months to the extent of $100, and provided there should remain any surplus moneys, then the same to be expended in purchasing clothes for distribution to the poor.

By clause 7 the testator gave and devised to his trustees all

A. C.        AND PRIVY COUNCIL.                    617

J. C.
1909
BADAR BEE
v.
HABIB
MERICAN
NOORDIN.

the rest and residue of his real estate in Penang and Province Wellesley or elsewhere upon trust for division into twenty-four shares, and that such shares should be held upon the trusts in the said clause 7 mentioned for the benefit of the testator's children and grandchildren therein in that behalf named and their issue.

Considerable litigation took place in the Colony with regard to the will and is sufficiently narrated in their Lordships' judgment so far as material to the points decided in this appeal, namely, (1.) whether certain lands known as the wakkoff of Mahomed Noordin and the rents and profits thereof (the trusts whereof declared by the said will have failed) devolve as upon an intestacy or pass under an alleged residuary gift contained in the will, and (2.) whether or not the parties claiming under the said alleged residuary gift are not estopped from disputing the title of the parties claiming under an intestacy. The proceedings out of which this appeal arose were commenced by Tengachee Nachiar's petition in February, 1902. The main relief claimed was a declaration that the devise of the lands, buildings, and premises contained in the 6th clause of the said will was void, and that the gifts (1.) of the sum of $20 for the school in Chulia Street, Penang, (2.) of $60 per month for the maintenance of Tengachee Mah, (3.) of $40 per month for the maintenance of Kulsome Beebee and the respondent Habib Merican Noordin, and (4.) of the residue for purchasing clothes for the poor were also void, and that the said lands, buildings, and premises and the income thereof being undisposed of belonged to the next of kin of the testator. The result of this litigation is stated in their Lordships' judgment.

*Levett, K.C.,* and *Christopher James,* for the appellant, contended that the variations made by the decree appealed from in the decrees of February 4, 1904, and August 11, 1903, recited in their Lordships' judgment, were erroneous, and that it ought to be declared that the whole of the rents and profits and corpus of the lands and premises devised by clause 6 (subject only to the two monthly payments of $20 and $40) became vested in the trustees of the will in trust for the

618                    HOUSE OF LORDS                **[1909]**

<div style="float:left">

J. C.

1909

BADAR BEE

*v.*

HABIB
MERICAN
NOORDIN.

</div>

testator's next of kin or persons deriving title from them as being estate of the testator undisposed of by his will. It was contended that it was res judicata by the decrees of March 13, 1872, and March 20, 1891, or one of them, and that all interests in the lands comprised in clause 6 which were not validly and effectually devised thereby were wholly undisposed of by the testator. The respondents and all persons claiming to be residuary legatees were estopped from denying that those interests were undisposed of by the will and consequently vested in the next of kin.. Subject to the said two monthly payments the devolution of the residue of rents and profits after payment of the sums amounting to $700 per annum (which the Court below held to be payable to the next of kin) is governed by and in law follows the devolution· of the said sum of $700; and clause 7 on its true construction does not contain any residuary devise or gift which includes any interest in real estate comprised in clause 6. They referred to the *Duchess of Kingston's Case* (1); *Barrs* v. *Jackson* (2); *Alison's Case* (3); *Reg.* v. *Hutchings* (4); *Peareth* v. *Marriott* (5); *Priestman* v. *Thomas* (6); *Concha* v. *Concha* (7); *In re South American and Mexican Co., Ex parte Bank of England* (8); *In re Lart.* (9)

*Astbury, K.C.,* and *Sargant,* for the respondents, contended that the residuary devise in clause 7 was amply sufficient to cover the property in dispute in this appeal. It comprised on its true construction any specific devise or gift which might fail for any reason whatever. The judgment of March 13, 1872, left it doubtful whether the declaration that the annual gift of $700 fell into the undevised residue meant that the gift should pass to the residuary legatees or the next of kin in default of any disposition at all. The trustees put their own construction upon it and divided it amongst the next of kin. The residuary legatees were numerous and did not consider it worth while to contest the point in reference to their several shares of so small a sum. But it was contended that that did not estop them

(1) (1776) 2 Sm. L. C., 11th ed., p. 731.
(2) (1842) 1 Y. & C. 585, 597; S. C. in appeal, (1845) 1 Ph. 582.
(3) (1873) L. R. 9 Ch. Ap. 1.
(4) (1881) 6 Q. B. D. 300, 304.

(5) (1882) 22 Ch. D. 182.
(6) (1884) 9 P. D. 70, and in appeal, ib. 210.
(7) (1886) 11 App. Cas. 541, 552.
(8) [1895] 1 Ch. 37.
(9) [1896] 2 Ch. 788.

J. C.
1909

BADAR BEE
v.
HABIB
MERICAN
NOORDIN.

from raising the question now in reference to the corpus of the estate comprised in the clause. There is no authority that estoppel as to one claim has any relation to another claim. In *Peareth* v. *Marriott* (1) the identical point had been decided, and *Barrs* v. *Jackson* (2), it was contended, is in favour of the respondents. Reference was made to *Concha* v. *Concha* (3); *Priestman* v. *Thomas*. (4) In *Reg.* v. *Hutchings* (5) the grounds of decision were held not to create estoppel, which was exactly in point.

*Levett, K.C.*, in reply.

The judgment of their Lordships was delivered by

1909

July 20.

LORD MACNAGHTEN. The controversy on this appeal is limited to a question between the representatives of the next of kin of Mahomed Noordin living at the time of his death and the persons beneficially interested under his will in his residuary real estate, who are generally called " the residuary legatees " in the various proceedings to which the testator's will has given rise.

The testator died in April, 1870. His will, dated May 10, 1869, was duly proved in May, 1870. By the 6th clause he gave certain lands in Penang, which he directed to be called " the wakkoff of Mahomed Noordin," to trustees for certain purposes. Of those purposes two, and two only, are now subsisting, undetermined and capable of taking effect. One is the payment of $20 per month to the managing body of a school in Chulia Street, Penang; the other is the payment of $40 per month for the maintenance of one Kulsome Beebee and her husband, Habib Mahomed Merican Noordin, a son of the testator, with remainders over.

There has been a great deal of litigation about the construction of the testator's will. The effect of it, so far as material to the present question, may, however, be stated shortly.

By a decree of the Supreme Court of the Straits Settlements, made by Sir William Hackett C.J., in March, 1872, it was declared that the gifts of two sums, amounting together to $700

(1) 22 Ch. D. 182.          (3) 11 App. Cas. 541, 552.
(2) 1 Y. & C. 585.          (4) 9 P. D. 70, 210.
(5) 6 Q. B. D. 300.

J. C.
1909
BADAR BEE
*v.*
HABIB
MERICAN
NOORDIN.

per annum, for the performance of kandoories or Mahomedan feasts for the poor for ever (being one of the purposes to which the income of the wakkoff was to be applied) were void, as not being lawful charitable gifts, and "that the gifts fell into the undevised residue of the testator's estate."

Under this decree the sum of $700 per annum out of the rents and profits of the wakkoff was for some years, and apparently with the assent of all parties interested, paid to the testator's next of kin. At some time, however, before the year 1889 the trustees ceased to make any payments either to the next of kin out of the income of the wakkoff or to the residuary legatees out of the income of the testator's residuary real estate.

In 1889, in a suit numbered 229 of 1889, relief was sought by the plaintiff in that suit, who was apparently one of the next of kin and also one of the residuary legatees, in respect of the annual sum of $700 and in respect of the testator's residuary real estate. The trustees, who were made defendants, set up various defences. Among other grounds of defence they alleged that they had been advised that the said sum of $700 per annum was payable under Sir William Hackett's decree to the residuary legatees and not to the next of kin. In reply to this defence the plaintiff, who sued on behalf of herself and all other persons in the same interest, pleaded (1.) that the defendants were estopped from contending that the $700 was not payable to the next of kin, and (2.) that the decree of 1872 remained in full force, and that the points raised in the suit in which that decree was made and those pleaded in the then pending suit were the same.

By a decree made on March 20, 1891, Goldney J. declared that the defendants were estopped from alleging that the sum of $700 was not wholly undisposed of by the will, and various consequential accounts and inquiries were directed.

On August 11, 1903, by the decree of Law J. on the petition of the only daughter of the eldest son of the testator, who was the original appellant in this appeal, it was declared that the property comprised in the wakkoff of Mahomed Noordin was at the death of the testator vested in his trustees and executors in trust for the next of kin of the testator living at the time of his death, subject to the monthly payments of $20, $60, and $40,

**A. C.**                    AND PRIVY COUNCIL.                    621

and that the property was then vested in the respondents, in trust for the next of kin of the testator or their personal representatives, subject to the said monthly payments of $20 and $40 only, the monthly payment of $60 having lapsed since the testator's death.

J. C.
1909

BADAR BEE
*v.*
HABIB
MERICAN
NOORDIN.

From this decree there was an appeal, and on February 4, 1904, it was declared by the Court of Appeal that the whole of the rents and profits of Mahomed Noordin's wakkoff were (subject to the monthly payment of $20 to the school in Chulia Street and to the monthly payment of $40 for the maintenance of Kulsome Beebee and Habib Mahomed Merican Noordin) vested in the trustees as part of the undisposed residue of the testator's estate, and the Court reserved the question whether the said residue should pass to the residuary legatees or to the next of kin.

On July 4, 1905, on the appeal coming on for further hearing, the Court ordered that the interlocutory judgment of February 4, 1904, should be varied by omitting the word "undisposed" before the word "residue," and that so much of the judgment of August 11, 1903, as declared that the lands mentioned in clause 6 of the will were at the death of the testator vested in the trustees in trust for the next of kin should be set aside; and the Court declared that the said lands were vested in the said trustees in trust for the residuary legatees, save and except the two yearly sums amounting to $700, which yearly sums were payable to the testator's next of kin, and the Court affirmed the decree of August 11, 1903, save as varied by their judgment and the interlocutory judgment of February 4, 1904, as amended by the decree.

The ground of the decision was, as appears from the opinion delivered by Cox C.J., in which his colleagues concurred, that the residuary legatees were estopped by the judgment of Hackett C.J. so far as regarded the yearly sum of $700 which had always been dealt with as belonging to the next of kin. "Their right to it," said the Chief Justice, "has been expressly recognized by the judgment of Goldney J. of the 20th of March, 1891, in suit 229 of 1889. The decree in that case was subsequently served on such of the legatees as were not parties to the

J. C.
1909

BADAR BEE
*v.*
HABIB
MERICAN
NOORDIN.
___

suit, and is therefore binding upon them (Civil Procedure Ordinance, s. 122). I am of opinion we must hold, as was held in the judgment referred to, that the legatees are estopped from denying the right of the next of kin to the sum of $700, which should be paid to the next of kin as heretofore. But I am unable to carry the estoppel further. This sum forms a small portion (about one-twelfth) of the total income yielded by the properties mentioned in clause 6, and I can find nothing in the case from which it can be inferred that the next of kin have been recognized as entitled to anything beyond the $700. I hold, therefore, that the legatees are estopped only with regard to the $700, and that the rest of the property must pass to them."

From the order of July 4, 1905, this appeal has been brought on behalf of the next of kin. On their behalf it was submitted that the order appealed from should be reversed or varied, and that it should be declared that the whole of the rents and profits of the wakkoff and the corpus thereof, subject only to the monthly payments of $20 and $40, became vested in the trustees for the next of kin of the testator, or the persons deriving title under them, as undisposed of estate of the testator.

It appears to their Lordships that the decree of Sir William Hackett C.J. of March 13, 1872, was a decision on the construction of the testator's will as to the destination of funds released from the operation of the trust declared by the 6th clause of the will. The records of the Court do not shew whether that decree was or was not pronounced in the presence of, or served upon, all parties interested in the question. But it appears from the judgment of Cox C.J., already quoted, that the decree of March 13, 1872, was recognized or reaffirmed by the decree pronounced by Goldney J. on March 20, 1891, in suit No. 229 of 1889, and that the latter decree was duly served on such of the residuary legatees as were not parties to the suit, and is therefore binding upon all the residuary legatees.

The result is that it appears that the point raised by this appeal has already been adjudicated upon. There is here, as there was in the case of *Peareth* v. *Marriott* (1), to which Mr. Levett referred, a decree inter partes on the very same subject.

(1) 22 Ch. D. 182.

**A. C.**                    AND PRIVY COUNCIL.                    623

In the words of the Digest, lib. xliv., t. 2, s. 7, "exceptio rei judicatæ obstat quotiens eadem quæstio inter easdem personas revocatur." It is not competent for the Court, in the case of the same question arising between the same parties, to review a previous decision not open to appeal. If the decision was wrong, it ought to have been appealed from in due time. Nor can the residuary legatees be heard to say that the value of the subject-matter on which the former decision was pronounced was comparatively so trifling that it was not worth their while to appeal from it. If such a plea were admissible, there would be no finality in litigation. The importance of a judicial decision is not to be measured by the pecuniary value of the particular item in dispute.

J. C.
1909
BADAR BEE
*v.*
HABIB
MERICAN
NOORDIN.

Their Lordships will therefore humbly advise His Majesty that the order appealed from should be varied by omitting so much thereof as purports to vary the decree of August 11, 1903, and to amend the interlocutory judgment of February 4, 1904.

Their Lordships think that, in the peculiar circumstances of the case, the costs of all parties may be paid out of the estate as between solicitor and client.

Solicitors for appellant: *Budd, Johnson & Jecks.*
Solicitors for respondents: *Rawle, Johnstone & Co.*