# EXHIBIT C

of appointment][38] upon receipt. Caveats against the grant of probate or administration may also be lodged with the Estate Registrar for Ontario.[39] The purpose of the office of the Estate Registrar is to act as a clearinghouse and to prevent concurrent grants being issued from different court offices.[40]

While it is customary for a testator or the testator's solicitor to retain the executed will for safekeeping, you should note that the Act provides that the office of each local registrar is a depository for the wills of living persons given to him or her for safekeeping.[41] Details of probate practice and procedure are contained in the *Rules of Civil Procedure*.[42]

## 2.4 OBTAINING GRANTS

### 2.4.1 Purpose of Grants

The question is often asked: Is it necessary to obtain probate [certificate of appointment of estate trustee] in every case? The answer is, no. This is because executors derive their authority from the will rather than from the probate process. As a result, executors have the lawful authority to deal with estate property even if they do not obtain probate. Likewise, courts have jurisdiction over wills (and the executors appointed thereunder) regardless of whether they are submitted for probate. Thus, in *Re Silver Estate*,[43] the court held it had jurisdiction to pass the estate accounts under a will not submitted for probate.[44] Similarly, in *Carmichael v. Carmichael Estate*[45] the court held that it had jurisdiction to remove executors who had taken steps to administer the estate, but who had not taken out probate.

The primary function served by probate [certificate of appointment of estate trustee] is therefore not to vest named executors with authority to deal with estate property but rather to authenticate to third parties that the persons presenting themselves as the executors are indeed the persons (more specifically, the *only* persons)[46] with that authority. That is, probate supplies evidence of the named executors' authority, though it is not itself the source of that authority. As a result, even though probate is not a formal legal requirement, it has become "legalized" by practice and custom.

With certain types of property, such as property held in joint tenancy, the issue of probate does not even arise because the property passes outside of the estate by right of survivorship to the remaining joint tenant(s). In others, such as where an estate is small, third party financial institutions may be willing to

---

[37] *Ibid.*, s. 16.
[38] *Ibid.*, s. 22.
[39] *Ibid.*, s. 21.
[40] See *ibid.*, ss. 17, 22.
[41] *Ibid.*, s. 2.
[42] These rules were formerly called the *Rules of Practice - Surrogate Court*, R.R.O. 1980, Reg. 925, s. 48 and later as the Rules of the Ontario Court (General Division) in Estate Proceedings, R.R.O. 1990, Reg. 197, as am. O. Reg. 398/91. The latter were repealed as of January 1, 1995 by O. Reg. 485/94 and were replaced by new Rules, Forms and Tariffs under the *Rules of Civil Procedure*. See Rules 74 - 75.1.
[43] (1999), 31 E.T.R. (2d) 256 (Ont. S.C.J.). See also *Roach v. Todd*, 2017 ONSC 1512, para. 24.
[44] This topic — passing of accounts — is discussed below in §2.7.
[45] (2000). 184 D.L.R. (4th) 175 (Ont. S.C.J.).
[46] Section 30 of the *Estates Act*, R.S.O. 1990, c. E.21 provides that after a "grant of administration" no person other than the administrator or executor has the power to act as executor in relation to the property affected by such grant.

recognize the authority of executors without insisting upon formal evidence of that authority in the form of a grant of probate. The peculiar result is that the need for probate is often a function of the risk tolerance of third party institutions with whom the executors must transact. That said, certain types of property simply cannot be dealt with absent a grant of probate. For example, executors will usually be unable to transact with real estate registered under the *Land Titles Act* without first obtaining probate.[47] A more liberal position applies to real estate registered under the *Registry Act*,[48] for what few properties continue to be dealt with under that statute. Further, an executor cannot obtain judgment on behalf of the estate before obtaining a grant of probate, although he or she can commence an action. Similarly, no action can be maintained against a named executor unless he or she has obtained a grant of probate.

There may be a temptation to think that executors should simply obtain probate as a matter of course in order to remove whatever doubt may exist as to their authority to deal with a deceased's property. However, grants of probate require the payment of a tax (known as estate administration tax) under the *Estate Administration Tax Act, 1998*.[49] The amount of this tax, which is calculated as a percentage of the value of the estate, quickly adds up.[50] Recent (for estates law) reforms to the *Estate Administration Tax Act, 1998* have brought greater formality to the process through which estates are valued for estate administration tax purposes.[51] These reforms were meant to diminish avoidance behaviour in the form of understated estate valuations. Prior to January 1, 2015, an applicant for letters probate [certificate of appointment of estate trustee] was not required to provide detailed information as to the assets of the estate. The applicant merely had to provide a sworn affidavit specifying the total value of the estate without itemizing either individual assets or their respective values. New s. 4.1 of the *Estate Administration Tax Act, 1998* provides that effective January 1, 2015 applicants for probate [certificates of appointment] must supply all the information prescribed under the statute. The prescribed information includes an itemized list of all of the estate assets and the value of each asset.[52] New s. 5.1 of the *Estate Administration Tax Act, 1998* provides that the penalty for providing false or misleading information in this regard is a fine and/or imprisonment for up to two years.

Estate planners use a variety of techniques to avoid or reduce the obligation to pay estate administration tax. These are discussed in a subsequent chapter.[53]

---

[47] R.S.O. 1990, c. L.5, s. 120.
[48] R.S.O. 1990, c. R.20, s. 53. This section allows for the registration of an unprobated will on title. If this is done, the executor has power to deal with the property and cannot be forced to obtain probate. See *Prinsen v. Balkwill* (1991), 41 E.T.R. 110 (Ont. Gen. Div.).
[49] S.O. 1998, c. 34.
[50] *Ibid.*, s. 2(1). Estates under $1,000 are exempt from the tax provided the application for the certificate of appointment of estate trustee was made before January 1, 2020. If the application was made on or after January 1, 2020, estates up to $50,000 are exempt from the tax. Otherwise, the tax is 1.5% assessed against the extent to which the value of the estate exceeds $50,000 for applications made on or after January 1, 2020.
[51] See Vince De Angelis, "Estate Administration Tax Act Requirements in Effect on January 1, 2015" (2014) 34 E.T. & P.J. 403.
[52] O. Reg. 310/14.
[53] See §5.8.