# EXHIBIT D

CITATION: Kulyk v. Kulyk, 2024 ONSC 4213
COURT FILE NO.: CV-23-00701586-00ES
DATE: 20240725

**SUPERIOR COURT OF JUSTICE – ONTARIO**

**IN THE MATTER OF THE ESTATE OF NICHOLAS KULYK, DECEASED**

**RE:**     ROMAN KULYK, in his capacity as Estate Trustee of the Estate of Nicholas Kulyk, Applicant

**AND:**

ANDREW KULYK, JONATHAN KULYK, and ELYSE KULYK, Respondents

**BEFORE:**     M.D. Faieta, J.

**COUNSEL:**     *Avrum Slodovnick*, for the Applicant

No one appearing for the Respondents

**HEARD:**     July 25, 2024

## ENDORSEMENT

[1]     Nicholas Kulyk died on October 17, 2013.  Although he was not survived by a spouse, the deceased was survived by two adult children: Roman Kulyk and Andrew Kulyk.  Roman is the applicant. Andrew has two children: Jonathan, age 21, and Elyse, age 18.  Andrew and his children are the respondents.

[2]     Under his Will dated July 5, 2011, the deceased appointed the applicant as Executor and Trustee of his Will.  The Will provides that the residue shall be divided into two equal shares.  One share is given to the applicant and the remaining share is to be held by Roman Kulyk in trust for the respondents.

[3]     At the time of his death, the deceased owned, amongst other things, two properties: 1) 17 High Park Crescent, Toronto; and 2) 53 Florence Avenue, Toronto.

[4]     There is nothing in the Will which gives the respondents the right to reside in either property.  The applicant states that he has permitted the respondents to continue to reside at the High Park property as Jonathan and Elyse were minors. He also permitted Andrew to use the garage at the Florence property which is a rental property.  The applicant states that all expenses related to these properties have been paid by the Estate and that he is now personally paying for the shortfall. In addition, the applicant believes that Andrew is renting the upper floors of the High Park property and states that he has no right to do so. The applicant also states that tenants of the Florence property have repeatedly complained

that the respondents Andrew and Jonathan meet daily with friends at the garage at the back of the Florence property, making noise and leaving garbage behind.

[5] Jonathan and Elyse are no longer are minors and the applicant wishes to sell both properties. The respondents have ignored these proceedings although served.

[6] The applicant seeks, amongst other things, the following relief for each property:

(a) If necessary, a vesting order in favour of the applicant as Estate Trustee with a Will.

(b) An order granting possession of the property to the applicant in his capacity as estate trustee

(c) An order declaring that the above shall be implemented despite that a certificate of appointment of estate trustee has not been applied for.

(d) If necessary, an order declaring that the applicant, as estate trustee, has the power to list, market, sell, … or otherwise deal with the property on behalf of the estate

(e) An order declaring that no consents of any persons who are beneficially entitled to an interest in the property are required for vesting, sale, … or other dealings by the applicant as estate trustee with respect to the property

(f) An order directing the respondents to vacate the property

(g) An order granting leave to the applicant as estate trustee to issue a writ of possession …

(h) An order directing the respondents to fully cooperate with the efforts of the applicant … as estate trustee in all aspect of the listing, showing, marketing and sale of the High Park property

(i) An order that the respondents shall provide copies of all leases entered with residents of the High Park property, that each of the respondents shall account for all rents received by them in relation to the High Park property, and that the residents of the High Park property shall pay rent to the applicant rather than to the respondents.

[7] On August 1, 2018, the applicant arranged for the registered ownership of these properties to be transferred to him. In a sworn statement provided to the Director of Land Titles, the applicant states that:

> WHEREAS NICHOLAS KULYK was the registered owner of the above noted property, NICHOLAS KULYK was not a spouse at the time of his death. NICHOLAS KULYK died testate on or about October 17, 2023. A Certificate of Appointment of Estate Trustee With a Will was not required for this property due to the first dealings on the property

2024 ONSC 4213 (CanLII)

2024 ONSC 4213 (CanLII)

> AND WHEREAS the said Executor and Trustee in consideration of permitting registration of a Transmission Application regarding the transfer of the property to ROMAN KULYK does covenant for himself, his executors and assigns with HER MAJESTY in right of Ontario, as represented by the Director of Titles, that the said Executor shall keep indemnified HER MAJESTY in right of Ontario, her successors and assigns from and against all loss or diminution of the Assurance Fund … in respect of any valid claim that may hereafter be made on account of the circumstances set out above .. .

[8]     On August 1, 2018, a Transmission by Personal Representative - Land form was also registered on title for each of the two properties. The language is almost identical for each property. For the High Park property, it states:

> Applicant: Roman Kulyk, acting as an individual.  Capacity: Estate Trustee with a Will …
>
> The applicant is entitled to be the owner by law, as Estate Trustee of the estate of the deceased owner.  …
>
> Statements.
>
> This property is subject to debts of the deceased.
>
> No application was made for a certificate of appointment of an Estate Trustee, as this transaction is the first dealing after the property was converted from Land Registry to the Land Titles by the Ministry. The value of the estate is $2,140,672.00.
>
> The will is the last will and evidence as to the execution and/or witnessing of the will has been obtained and a certificate of appointment of estate trustee was not applied for. …

[9]     Having considered the matter, the fact that the applicant has never applied for a Certificate of Appointment of Estate Trustee with a Will is not fatal to this application.

[10]    The applicable principles are set out below:

> The question is often asked: Is it necessary to obtain probate [certificate of appointment of estate trustee] in every case?  The answer is, no. This is because executors derive their authority from the will rather than from the probate process. As a result, executors have the lawful authority to deal with estate property even if they do not obtain probate. Likewise, courts have jurisdiction over wills (and the executors appointed thereunder) regardless of whether they are submitted for probate.  … The primary function served by probate [certificate of appointment of estate trustee] is therefore not to vest named executors with authority to deal with estate property but to authenticate to third parties that the persons presenting themselves as the executors are indeed the persons (more specifically, the *only*

persons) with that authority. See Albert R. Oosterhoff et al. *Oosterhoff on Wills*, 9th ed (Toronto: Thomson Reuters Canada Limited, 2021) at page 33.

[11] The applicant holds the legal title to the properties in trust for the Estate. As a result, there is no need for a vesting order. Possession is an incident of ownership and thus there is no need for an order granting possession. There is no need for an order that the applicant has authority to sell the properties as the Will grants the applicant authority to sell all the deceased's estate not consisting of money in such manner and upon such terms as he may decide. An order requiring the cooperation of the respondents in the sale of property would be difficult to enforce and likely place a burden on judicial resources. The need for cooperation can be obviated by having the sale occur after the High Park property is vacated.

[12] On the other hand, to assist the applicant with his obligation to settling the affairs of the Estate, which has been long delayed seemingly to the benefit of the respondents, it is just to order that the respondents, and any unauthorized tenants, vacate the High Park property and to grant leave for the issuance of a writ of possession.

[13] The applicant claims costs of $47,948.10 inclusive of disbursements and taxes on a full indemnity basis, $40,769.29 on a substantial indemnity basis and $27,886.36 on a partial indemnity. Proportionality and reasonableness are the touchstone considerations to be applied in fixing the amount of costs. Having considered the outline of costs, I find that the amounts claimed do not meet either criterion. This is not a case for elevated costs as this is not an exceptional case as the respondents have not displayed reprehensible, scandalous, or outrageous conduct. I order that the respondents shall pay costs of $20,000.00 to the applicant.

[14] Judgment shall be granted as follows:

(a) The respondents shall vacate the High Park property by September 30, 2024.

(b) Any person who is in occupation of the High Park property and that has not entered a lease with the applicant under the *Residential Tenancies Act, 2006*, S.O. 2006, c. 17, shall vacate the High Park property by September 30, 2024

(c) Leave is granted to the applicant to issue a writ of possession to the respondents in respect of the High Park property, and to any person who is in occupation of the High Park property that has not entered a lease with the applicant under the *Residential Tenancies Act, 2006*, S.O. 2006, c. 17.

(d) The respondents shall vacate the Florence property by September 30, 2024.

(e) Any person who is in occupation of the commercial garage/carriage house at the rear of the Florence property *that has not entered a lease with the applicant under the Residential* Tenancies Act, 2006, S.O. 2006, c. 17 shall vacate the Florence

property by September 30, 2024.

(f) Leave is granted to the applicant to issue a writ of possession to the respondents in respect of the commercial garage/carriage house located at the rear of the Florence property.

(g) Each of the respondent shall provide copies of all leases that any of the respondents have entered with residents of the High Park property and the Florence property that is in their possession or control.

(h) Each of the respondents shall account for all rents received by them in relation to the High Park property and the Florence property.

(i) Each of the residents of the High Park property and the Florence property shall pay their rent, if any, to the applicant rather than to the respondents.

(j) The respondents shall pay costs of $20,000.00, inclusive of HST and disbursements, to the applicant. Such amount may be taken by the applicant from the respondents' share of the deceased's Estate.

(k) The respondents' approval as to the form and content of this Judgment is dispensed with.

(l) The parties may return to Court for directions if need be.

                                                                                                             M.D. Faieta, J.

**Date:** July 25, 2024

2024 ONSC 4213 (CanLII)