# EXHIBIT E

# THE COPYRIGHT ACT, 1911,

*ANNOTATED.*

## WITH APPENDIX

CONTAINING

## THE REVISED CONVENTION OF BERNE.

Gt. Brit. Laws, statutes, etc.

BY

### E. J. MACGILLIVRAY, LL.B.,

OF THE INNER TEMPLE, BARRISTER-AT-LAW,
AND MEMBER OF THE FACULTY OF ADVOCATES IN SCOTLAND.
AUTHOR OF "THE LAW OF COPYRIGHT," "A DIGEST OF THE LAW OF COPYRIGHT,"
AND "INSURANCE LAW."



LONDON:
STEVENS AND SONS, LIMITED,
119 & 120, CHANCERY LANE,
Law Publishers
1912.

right to produce such contribution at any future time as part of the encyclopædia. The object of the last three lines of the proviso is to permit (1) the editor or other person who may be considered to be the author of the collection as a whole to assign to the proprietors all right, title and interest in the work which might otherwise vest in him as author; (2) a contributor to grant a perpetual licence for the reproduction of his contribution as part of the collection. § 5 (2).

It seems reasonably clear that if a contributor were to grant an *ex facie* absolute assignment of his copyright in the contribution, then in so far as the proviso would prevent that assignment from operating as such beyond the period of twenty-five years after the contributor's death, it would nevertheless continue to operate as a licence to the proprietor of the collection to continue to reproduce the contribution as part of the collection.

It will be observed that the author may dispose of his reversionary interest by will, and immediately upon the author's death his executors or legatees may sell such reversionary interest. *Sale of reversionary interest after author's death.*

**Existing law.**— The divisibility of copyright has been the subject of some doubt (*i*). Probably it is divisible as to time or place, and, perhaps, as to the method of reproduction (*k*). An assignment of copyright or performing right must be in writing (*l*); in the case of a book, if the work has been previously registered in the name

---

(*i*) *Jefferys* v. *Boosey* (1854), 4 H. L. C. 815; *Shepherd* v. *Conquest* (1856), 17 C. B. 427, 436; *Trade Auxiliary* v. *Middlesborough* (1889), 40 Ch. D. 434, 435.

(*k*) *Landeker and Brown* v. *Wolff* (1908), Cop. Cas. 1905—10, p. 102; *Taylor* v. *Neville* (1878), 26 W. R. 299; *Tree* v. *Bowkett* (1895), 74 L. T. (N. S.) 77; *Lucas* v. *Cooke* (1880), 13 Ch. D. 872; *Holt* v. *Woods* (1896), 17 N. S. W. R. Eq. 36; *Dobson, Ex parte* (1892), 12 N. Z. L. R. 171; *Howitt* v. *Hall* (1862), 6 L. T. (N. S.) 348; *Sweet* v. *Cater* (1840), 11 Sim. 572; *Davidson* v. *Bohn* (1848), 6 C. B. 456.

(*l*) *Leyland* v. *Stewart* (1876), 4 Ch. D. 419; *Power* v. *Walker* (1814), 3 M. & S. 7; *Davidson* v. *Bohn* (1848), 6 C. B. 456; *Clementi* v. *Walker* (1824), 2 B. & Cr. 861; *Jefferys* v. *Boosey* (1854), 4 H. L. C. 815, 906, 944; *Kyle* v. *Jefferys* (1859), 3 Macq. 611, 617; 18 D. 906; *Cumberland* v. *Copeland* (1862), 1 H. & C. 194; *Cocks* v. *Purday* (1848), 5 C. B. 860; *Cooper* v. *Stephens*, [1895] 1 Ch. 567; *Marshall* v. *Petty* (1900), 17 T. L. R. 684; *Shepherd* v. *Conquest* (1856), 17 C. B. 427; *Eaton* v. *Lake* (1888), 20 Q. B. D. 378; *Hardacre* v. *Armstrong* (1905), 21 T. L. R. 189; Fine Arts Copyright Act, 1862, s. 3; *Morton* v. *Copeland* (1855), 16 C. B. 517; *Liverpool General Brokers* v. *Commercial Press*, [1897] 2 Q. B. 1; *Wood* v. *Boosey* (1867), 7 B. & S. 897; *Morang* v. *Publishers* (1900), 32 Ont. R. 393.