

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number:

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

April 7, 2025

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

**RE: <u>Request to File Under Seal Certain Materials in Connection with Opposition to Plaintiff's Motion for a Preliminary Injunction in *Peary v. DC Comics, et al.*, No. 1:25-cv-00910-JMF</u>**

Dear Judge Furman:

  Pursuant to Rule 7 of the Court's Individual Rules and Practices in Civil Cases, Defendants DC Comics, Inc., DC Comics, DC Entertainment, and Warner Bros. Discovery, Inc. (collectively "DC"), write respectfully to request leave to file documents in redacted form and under seal in connection with their opposition to Plaintiff's Motion for a Preliminary Injunction. Specifically, DC seeks to seal certain proprietary, sensitive business information contained in its Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction and the Declaration of Peter Safran ("Safran Declaration"). This information consists of cost figures, projected revenues, and marketing and development strategy relating to the forthcoming *Superman* film and other DC properties. DC has proposed narrow redactions to the publicly-filed versions of these documents to protect this confidential information. DC met and conferred with Plaintiff's counsel regarding this sealing request. Plaintiff does not oppose DC's request to seek leave to seal, but takes no position as to its merits.

  Although there is a right of public access to judicial documents, DC's interest in the confidentiality of this proprietary information outweighs the "presumption of access" against which district courts must "balance competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Such considerations include the interest in protecting "sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). As such, documents "containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" are "commonly sealed." *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020)

Austin • Century City • Dallas • Houston • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

(sealing information that included company's "financial income statements, forecasts, and projections").

Disclosure of DC's cost and revenue data and information about its business plans would give insight to its competitors into its confidential strategy and the value and profitability of its projects. Courts regularly permit this type of information to be filed under seal. *E.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "Plaintiffs would be competitively harmed if they were revealed"); *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 614-15 (S.D.N.Y. 1998) (sealing documents, including breakdowns of revenues and expenses, that revealed HBO's "cost and profit structures"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (permitting "material concerning the defendants' marketing strategies, product development, costs and budgeting" to remain under seal).

Accordingly, DC requests that the portions of its Memorandum of Law and the Safran Declaration that are highlighted in yellow be permitted to be filed in redacted form. These materials are being filed concurrently with this letter-motion in both redacted and highlighted form, pursuant to Rule 7.C.iii of the Court's Individual Rules and Practices in Civil Cases.

In addition, DC notes that no protective order has yet been entered in this action. Therefore, DC requests that the Court rule that the sealed versions of these documents be treated for the time being as "Attorneys' Eyes Only"—*i.e.*, that Plaintiff's counsel will be permitted to view the material, but may not share it with Plaintiff or any third parties.

Respectfully submitted,

*/s/ Daniel M. Petrocelli*

Daniel M. Petrocelli

*Counsel for Defendants*

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 46.

SO ORDERED.

April 8, 2025