

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number:

April 23, 2025

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

**RE:  Letter-Motion to Strike New Evidence Submitted on Reply or, in the Alternative, for a Sur-Reply, in *Peary v. DC Comics, et al.*, No. 1:25-cv-00910-JMF**

Dear Judge Furman:

      Defendants DC Comics Inc.; DC Comics; DC Entertainment; and Warner Bros. Discovery, Inc. (collectively, "DC") respectfully move this Court for an Order striking the Declaration of Sir Robin Jacob (Dkt. No. 60) submitted on reply by Plaintiff Mark Warren Peary in support of his Motion for Preliminary Injunction (the "Motion").

      Peary had ample opportunity to locate a foreign law expert and proffer one with his moving papers.  He made the tactical choice not to do so.  DC proceeded to proffer four foreign law experts on the applicable law in each jurisdiction at issue on the Motion, at which point Peary proffered a competing expert in one jurisdiction for the first time on reply, whose opinions he knew DC would not have the opportunity to address.

      "[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply.  Typically, in such situations, the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion."  *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) (internal citations omitted); *see also, e.g.*, *Fed. Trade Comm'n v. RCG Advances, LLC*, 695 F. Supp. 3d 368, 393-95 (S.D.N.Y. 2023) (declining to consider new expert declaration submitted on reply due to equitable concerns, as the plaintiff had access to the underlying information all along and the defendant was now deprived of the opportunity to respond).

      In the alternative, if the Court wishes to exercise its "broad discretion" to hear this reply evidence, *see, e.g.*, *Chefs Diet Acquisition Corp. v. Lean Chefs, LLC*, 2016 WL 5416498, at *5 n.3 (S.D.N.Y. Sept. 28, 2016) (Furman, J.), DC requests leave to file a short sur-reply not to

exceed five pages, *see, e.g., Paz Sys., Inc. v. Dakota Grp. Corp.*, 2006 WL 8430241, at *4 (E.D.N.Y. June 16, 2006) ("[I]n some instances, courts have permitted a sur-reply rather than granting a motion to strike. . . . Other courts have simply declined to address arguments raised for the first time in reply papers.  In either case, courts do not allow the movant to have the final word when raising new arguments or evidence in reply papers." (citations omitted)).  In such a sur-reply, DC is ready to point out the internal inconsistencies in the proffered opinions, that it does not address the dispositive Canadian statute that refutes Peary's claims (the very jurisdiction that he says justified and motivated his years-too-late motion), as well as the broader factual and legal errors committed in the declaration's analysis.

        Respectfully submitted,

Dated:  April 23, 2025        O'MELVENY & MYERS LLP

        By:  */s/ Daniel M. Petrocelli*
           Daniel M. Petrocelli

        Daniel M. Petrocelli (*pro hac vice*)
        dpetrocelli@omm.com
        Matt Kline (*pro hac vice*)
        mkline@omm.com
        Cassandra L. Seto (*pro hac vice*)
        cseto@omm.com
        1999 Avenue of the Stars, 8th Floor
        Los Angeles, California  90067
        Telephone: (310) 553-6700
        Facsimile: (310) 246-6779

        Natasha W. Teleanu
        nteleanu@omm.com
        Danielle Feuer
        dfeuer@omm.com
        1301 Avenue of the Americas, Suite 1700
        New York, NY 10019-6022
        Telephone: (212) 326-2000
        Facsimile: (212) 326-2061

        *Attorneys for Defendants*