# TOBEROFF

Toberoff & Associates, P.C.
23823 Malibu Road
Suite 50-363
Malibu, CA 90265
Telephone: +1 310 246 3100

**Marc Toberoff**
Direct Line: +1 310 246 3333
mtoberoff@toberoffandassociates.com

April 23, 2025

*Via ECF*

Hon. Jesse M. Furman
United States District Judge
United States District Court for the
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

     **RE:  Opposition to DC's Letter Motion to Strike or File a Sur-Reply in *Peary v. DC Comics, et al.*, No. 1:25-cv-00910-JMF**

Dear Judge Furman:

     Plaintiff did not initiate a battle-of-the-experts, and, as with any moving party, has the well-established right to file rebuttal evidence addressing evidence offered in opposition. Now that Plaintiff's rebuttal expert appears to have prevailed both in terms of expertise and substance, Defendants pursue further delay—while simultaneously complaining about delay—to get the final word on *Plaintiff's* Motion for a Preliminary Injunction. Plaintiff respectfully urges the Court to reject this effort. *See, e.g.*, *Ironshore Ins. v. W. Asset Mgmt. Co.*, 2013 WL 2051863, at 2-4 (S.D.N.Y. May 15, 2013) (denying party's request for a sur-reply report after finding that the rebuttal expert reports did not raise new material).

     *First*, there is no valid basis to strike Plaintiff's rebuttal expert report. Plaintiff initially relied on the Court's ability to interpret clear provisions in English-language statutes from common law jurisdictions, providing the primary materials supported by declaration. Defendants, without notice to Plaintiff, conducted a global search to hire non-scholar practitioners who would support their erroneous assertions. Consequently, Plaintiff necessarily secured a rebuttal expert—a standard and proper practice that provides no basis to strike nor grounds for a sur-reply. *Better Holdco, Inc. v. Beeline Loans, Inc.*, 666 F. Supp. 3d 328, 360-61 (S.D.N.Y. 2023) (denying motion to strike and noting that "[a]n expert opinion is properly offered on rebuttal if it is 'intended solely to contradict or rebut evidence on the same subject matter identified by another party.'" (citations omitted)).

     *Second*, additional briefing is unnecessary and counterproductive to resolving this matter expeditiously before the July *Superman* release—particularly since Plaintiff, as the movant, not Defendants, is entitled to the final word, meaning any sur-reply should come with leave for Plaintiff to

file a response to it.[1] The Court already has comprehensive, precisely targeted briefing on all issues. There is no justification for delaying resolution to rehash fully ventilated arguments. *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs.").

                                                Respectfully submitted,

                                                Marc Toberoff

                                                *Attorneys for Plaintiff Mark Warren Peary, individually and as executor of the Estate of Joseph Shuster*

---

[1] Such a response will undoubtedly be necessary, as even Defendants' motion for leave to file a surreply mischaracterizes the facts. Sir Robin is not merely an expert in *one* jurisdiction's laws, but, as revealed in his declaration, he is formally qualified in *two* (U.K. and Australia, Jacob ¶¶ 1, 3(iii), 7) and possesses particularly relevant expertise in the law of *all* the Proviso Countries based on his membership both on the Privy Council and his role interpreting the applicable statutes as a judge. This is even more so, given all experts' agreement that all courts in the Major Commonwealth Markets would look to U.K. law on this topic. Glover ¶¶ 11-12; Salizzo ¶¶ 13-15, 42; Cade ¶¶ 22-24; Jacob ¶ 7.